FILED

1   ROBERT S. NELSON (SBN# 220984) JUL   2 2007
    NELSON LAW GROUP
2   900 Cherry Avenue, Suite 300        RICHARD W. WIEKING
    San Bruno, CA 94066              CLERK, U.S. DISTRICT COURT
3   (650) 794-2760 (phone)         NORTHERN DISTRICT OF CALIFORNIA
    (650) 794-2761 (fax)
4   rnelson@nelsonlawgroup.net

5   Attorneys for Plaintiffs
    ANGELA BADAMI, LENNON BRONSEMA, BENJAMIN CAMPOPIANO,
6   KATHRYN RAVEN, AUDREY WARD and all others similarly situated

7                                                                        **BZ**

8                        UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA   **C 07 3465**

10

11  ANGELA BADAMI,                      | Case No. TBD
12  LENNON BRONSEMA,                    |
    BENJAMIN CAMPOPIANO,                | **COMPLAINT FOR DAMAGES**
13  KATHRYN RAVEN,                      | **CLASS AND COLLECTIVE ACTION**
    AUDREY WARD,                        |
14  and all others similarly situated  | **JURY TRIAL REQUESTED**

15
                Plaintiff,
16           v.

17  GRASSROOTS CAMPAIGNS, INC.,

18           Defendant.                               **BY FAX**

19

20       Plaintiffs ANGELA BADAMI, LENNON BRONSEMA, BENJAMIN CAMPOPIANO,

21  KATHRYN RAVEN and AUDREY WARD, by and through their attorneys of record, on behalf

22  of themselves and all other persons similarly situated, and the general public, hereby complain

23  against Defendant GRASSROOTS CAMPAIGNS, INC., as follows:

24                         **NATURE OF THE ACTION**

25       1.      This action is for unpaid overtime in violation of the Fair Labor Standards Act

26  ("FLSA") of 1947, California Labor Code Section 1194, and applicable Wage Orders of the

27  California Industrial Welfare Commission ("IWC"); failure to pay minimum wages in violation

28
    CLASS AND COLLECTIVE ACTION COMPLAINT

1  of the FLSA. California Labor Code Sections 1197, and applicable Wage Orders of the IWC;

2  failure to compensate employees for mandatory work time in violation of the FLSA. the

3  California Labor Code and applicable Wage Orders of the IWC; failure to provide employees

4  with sufficient meal and rest breaks in violation of California Labor Code Section 226.7, and

5

6  applicable Wage Orders of the IWC; failure to reimburse employee expenses in violation of

7  California Labor Code Section 2802; willful failure to pay wages in violation of California Labor

8  Code Section 203; and unfair competition in violation of California Business and Professions

9  Code Section 17200.

10                                        **PARTIES**

11     2.     Plaintiffs Angela Badami ("Plaintiff Badami"), Benjamin Campopiano ("Plaintiff

12  Campopiano"), Kathryn Raven ("Plaintiff Raven") and Audrey Ward ("Plaintiff Ward") are all

13

14  natural persons who are residents of California.

15     3.     Plaintiff Lennon Bronsema ("Plaintiff Bronsema") is a natural person who is a

16  resident of Washington but who currently resides in Iowa.

17     4.     Plaintiffs are informed and believe, and on that basis allege. that Defendant

18  Grassroots Campaigns, Inc. ("Defendant GCI") is. and at all relevant times was, a corporation

19  doing business in the State of California. and within this judicial district.

20

21                              **JURISDICTION AND VENUE**

22     5.     This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C.

23  Section 216(b) and 28 U.S.C. Section 1331 because this action arises under numerous laws of the

24  United States. including the FLSA. 29 U.S.C. Section 207. *et seq.* In addition. because the claims

25  stated herein arise from the same or substantially similar facts and circumstances and derive from

26  a common nucleus of operative facts, this Court has supplemental and/or pendent jurisdiction to

27  ///

28                                           2

1  hear all claims presented in this action, including claims arising under state law, pursuant to 28

2  U.S.C. Section 1367.

3      6.      Venue is proper in the Northern District because Defendant GCI resides here; the

4  majority of the named Plaintiffs reside here; and because a substantial part of the events giving

5  rise to the claims made herein occurred in this district.

6

7                          **FACTS APPLICABLE TO ALL CLAIMS**

8      7.      Plaintiffs re-allege and incorporate by reference herein all allegations previously

9  made in Paragraphs 1 through 6, above.

10     8.      Defendant GCI is. and at times relevant to this Complaint was, an "employer"

11 under applicable federal and state law, and relevant Wage Orders of the IWC.

12     9.      Plaintiffs were at all times relevant to this Complaint "employees" of Defendant

13 GCI, as that term is defined under both federal and state law.

14

15     10.     Plaintiffs bring the claims articulated herein on behalf of both themselves and all

16 persons similarly situated with regard to relevant factors such as location and timing of work;

17 compensation; specified employment practices: and job title(s). Plaintiffs specifically bring

18 claims on behalf of six (6) different subclasses. as articulated more fully below:

19
          • All persons who worked for any period of time in California during the four years
20
            preceding the filing of this Complaint and who were paid set salaries (i.e.,
21
            amounts that did not change based on the amount of time the persons worked) of
22
23          less than $540 per week ("Salary Class");

24        • All persons who performed any work for which they were not paid (including. but

25          not limited to. any and all persons who worked unpaid "training" or "shadowing"

26          days) in California during the four years preceding the filing of this Complaint

27

28                                          3
   CLASS AND COLLECTIVE ACTION COMPLAINT

1       ("California Non-Payment Class");

2       • All persons who performed any work for which they were not paid (including, but

3         not limited to, any and all persons who worked unpaid "training" or "shadowing"

4         days) anywhere in the U.S. outside of California during the three years preceding

5

6         the filing of this Complaint ("Other Non-Payment Class");

7       • All persons who performed any work as Field Organizers anywhere in the U.S.

8         outside of California during the three years preceding the filing of this Complaint

9         ("Field Organizer Class");

10      • All persons who performed any work as Assistant Canvass Directors anywhere in

11        the U.S. outside of California during the three years preceding the filing of this

12

13        Complaint ("Assistant Canvass Director Class"); and

14      • All persons who performed any work as Canvass Directors anywhere in the U.S.

15        outside of California during the three years preceding the filing of this Complaint

16        ("Canvass Director Class").

17          11.    All subclasses are so numerous that joinder of all members would be

18   impracticable. Plaintiff is informed and believes that the Salary Class encompasses in excess of

19   100 members; the California Non-Payment Class encompasses in excess of 300 members; the

20
     Other Non-Payment Class encompasses in excess of 1,000 members; the Field Organizer Class
21
     encompasses in excess of 500 members; the Assistant Canvass Director Class encompasses in
22

23   excess of 500 members; and the Canvass Director Class encompasses in excess of 300 members.

24          12.    There are well-defined communities of interest and questions of both law and fact

25   that are common to all class members, and which predominate any questions or issues that may

26
     affect class members individually. These questions and issues include, but are not limited to:
27
     ///
28                                                   4
     CLASS AND COLLECTIVE ACTION COMPLAINT

- Whether Defendant GCI implemented and engaged in a systematic practice whereby it unlawfully paid employees in California set salaries in lieu of minimum wages and overtime which fell below the state's minimum compensation requirement for exempt employees;

- Whether Defendant GCI implemented and engaged in a systematic practice whereby it unlawfully failed to pay employees for time during which they were suffered or permitted to work, specifically, "training" days during which employees were required to follow, or "shadow," existing employees but for which they were not compensated;

- Whether Defendant GCI implemented and engaged in a systematic practice whereby it failed to pay minimum wages and overtime to employees it unlawfully treated as exempt, including, but not limited to, Field Organizers, Assistant Canvass Directors, and Canvass Directors;

- Whether Defendant GCI implemented and engaged in a systematic practice whereby it failed to provide meal and rest breaks to employees it unlawfully treated as exempt, including, but not limited to, Field Organizers, Assistant Canvass Directors, and Canvass Directors; and

- Whether the acts and practices alleged herein violated, *inter alia*, applicable provisions of the FLSA, 29 U.S.C. Section 207, *et seq.*, and the California Labor Code, including, but not limited to, Sections 226.7, 512, 1194, 1197, applicable Wage Orders of the IWC, and California Business & Professions Code Section 17200, *et seq.*

13.  The unlawful conduct of Defendant GCI, as described herein, was widespread.

///

5

CLASS AND COLLECTIVE ACTION COMPLAINT

1    repeated and consistent, and has caused significant damage to the named Plaintiffs and members

2    of all applicable subclasses.

3       14.    Plaintiffs will fairly and adequately represent and protect the interests of all the

4    various subclass members because they have no disabling conflict(s) of interest that would be

5    antagonistic to those of the other class members. Plaintiffs have retained counsel who are

6

7    competent and experienced in class action wage-and-hour litigation.

8       15.    Collective and/or class treatment is superior to alternative methods to adjudicate

9    this dispute because Plaintiffs and other class members suffered similar treatment and harm as a

10   result of systematic policies and practices, and because, absent a class and/or collective action,

11   Defendant GCI's unlawful conduct will likely continue unremedied and unabated.

12

13                **FACTS APPLICABLE TO CLAIMS OF PLAINTIFF BADAMI**

14      16.    Plaintiffs re-allege and incorporate by reference herein all allegations previously

15   made in Paragraphs 1 through 15, above.

16      17.    Plaintiff Badami was an employee of Defendant from approximately August 2006

17   through November 2006.

18      18.    From August to September 2006, Plaintiff Badami worked as an "Assistant

19   Canvass Director" in San Francisco. From September through November 2006, she worked as a

20   "Field Organizer" in San Francisco.

21

22      19.    At all times relevant to this Complaint, Plaintiff Badami was compensated for her

23   work with Defendant GCI solely through a set annual salary of $920.00 per pay period, or

24   approximately $24,000.00 per year.

25      20.    Plaintiff Badami was never paid overtime for any work she performed for

26   Defendant GCI in excess of forty (40) hours in a single week, in excess of eight (8) hours in a

27   ///

28                                          6

     CLASS AND COLLECTIVE ACTION COMPLAINT

1    single work day, or on the seventh (7th) consecutive day(s) of work.

2        21.    As an Assistant Canvass Director, Plaintiff Badami was required to arrive at

3    Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately 11

4    p.m. Plaintiff Badami was expected to work at least six (6) (and sometimes seven (7)) days each

5
     week as an Assistant Canvass Director.
6

7        22.    As a Field Organizer, Plaintiff Badami generally was required to arrive at

8    Defendant GCI's office at or around 7:30 a.m. and then work continuously until approximately 11

9    p.m., Mondays through Fridays. On Saturdays, Plaintiff Badami generally was required to arrive

10   at Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately

11   6:30 p.m. On Sundays, Plaintiff Badami generally was required to arrive at Defendant GCI's

12
     office at or around 11 a.m. and then work continuously until approximately 11 p.m.
13

14       23.    As both an Assistant Canvass Director and a Field Organizer, Plaintiff Badami

15   performed duties and tasks of such a nature, quality and duration that Plaintiff Badami was

16   effectively a non-exempt employee entitled to receive both minimum wages and applicable

17   overtime compensation.

18       24.    Plaintiff Badami was not provided with half-hour, duty free meal breaks for each

19   five (5) hour block of time that she worked as a Field Organizer in California. She also was not

20
     provided with 10-minute rest breaks for each four (4) hour block of time (or major portions
21

22   thereof) that she worked in California.

23       25.    Plaintiff Badami was also required to incur, and/or not reimbursed for, certain

24   business expenses of Defendant GCI, including, but not limited to, travel and office-related

25   administrative costs.

26

27   ///

28                                                  7
     CLASS AND COLLECTIVE ACTION COMPLAINT

## FACTS APPLICABLE TO CLAIMS OF PLAINTIFF BRONSEMA

26.     Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 25, above.

27.     Plaintiff Bronsema was an employee of Defendant GCI from approximately May 2006 through November 2006.

28.     From May to August 2006, Plaintiff Bronsema worked as an "Assistant Canvass Director" in Denver, Colorado. From August 2006 through November 2006, he worked as a "Field Organizer" in San Francisco.

29.     At all times relevant to this Complaint, Plaintiff Bronsema was compensated for his work with Defendant GCI solely through a set annual salary of approximately $920.00 per pay period, or approximately $24,000.00 per year.

30.     Plaintiff Bronsema was never paid overtime for any work he performed for Defendant GCI in excess of forty (40) hours in a single week, in excess of eight (8) hours in a single work day, or on the seventh (7th) consecutive day(s) of work.

31.     As an Assistant Canvass Director, Plaintiff Bronsema was required to arrive at Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately 11 p.m. Plaintiff Bronsema was expected to work at least six (6) (and sometimes seven (7)) days each week as an Assistant Canvass Director.

32.     As a Field Organizer, Plaintiff Bronsema generally was required to arrive at Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately 11 p.m., Mondays through Saturdays. On Sundays, Plaintiff Bronsema generally was required to arrive at Defendant GCI's office at or around 11 a.m. and then work continuously until approximately 11 p.m.

///

8
CLASS AND COLLECTIVE ACTION COMPLAINT

33.     As both an Assistant Canvass Director and a Field Organizer, Plaintiff Bronsema performed duties and tasks of such a nature, quality and duration that Plaintiff Bronsema was effectively a non-exempt employee entitled to receive both minimum wages and applicable overtime compensation.

34.     Plaintiff Bronsema was not provided with half-hour, duty free meal breaks for each five (5) hour block of time that he worked as a Field Organizer in California. He also was not provided with 10-minute rest breaks for each four (4) hour block of time (or major portions thereof) that he worked in California.

## FACTS APPLICABLE TO CLAIMS OF PLAINTIFF CAMPOPIANO

35.     Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 34, above.

36.     Plaintiff Campopiano was an employee of Defendant from approximately July through November 2004, and then again from June through November 2006.

37.     From July 2004 through November 2004, Plaintiff Campopiano worked as a "Field Manager" in Washington, DC. From June 2006 to July 2006, he worked as an "Assistant Canvass Director" in Boston, Massachusetts. From July 2006 through September 2006, he worked as a "Canvass Director" in San Francisco. From September 2006 through November 2006, he worked as a "Field Organizer" in San Francisco.

38.     At or about the start of his employment, Plaintiff Campopiano was required to spend a full day "shadowing" another employee of Defendant GCI as a way of learning Defendant GCI's business and his own future job duties. Plaintiff Campopiano was not compensated for the time he spent shadowing the other employee. Plaintiff Campopiano's participation in the shadowing, or "training," day was not voluntary, but rather was required by

///

9

CLASS AND COLLECTIVE ACTION COMPLAINT

1    Defendant GCI as a condition of Plaintiff Campopiano's employment.

2         39.    At all times relevant to this Complaint. Plaintiff Campopiano was compensated

3    for his work with Defendant GCI solely through a set annual salary of approximately $950.00 per

4    pay period. or approximately S24,700.00 per year.

5

6         40.    Plaintiff Campopiano was never paid overtime for any work he performed for

7    Defendant GCI in excess of forty (40) hours in a single week, in excess of eight (8) hours in a

8    single work day. or on the seventh (7th) consecutive day(s) of work.

9         41.    As an Assistant Canvass Director. Plaintiff Campopiano was required to arrive at

10   Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately 11

11   p.m. Plaintiff Campopiano was expected to work at least six (6) (and sometimes seven (7)) days

12   each week as an Assistant Canvass Director.

13

14        42.    As a Canvass Director. Plaintiff Campopiano was required to arrive at Defendant

15   GCI's office at or around 8:30 a.m. and then work continuously until approximately 11 p.m.

16   Plaintiff Campopiano was expected to work at least six (6) (and sometimes seven (7)) days each

17   week as a Canvass Director.

18        43.    As a Field Organizer, Plaintiff Campopiano was required to arrive at Defendant

19   GCI's office at or around 8:00 a.m. and then work continuously until approximately 10 p.m.

20   Mondays through Fridays. On Saturdays, Plaintiff Campopiano was required to arrive at

21   Defendant GCI's office at or around 8:00 a.m. and then work continuously until approximately 6

22   p.m. On Sundays. Plaintiff Campopiano generally was required to arrive at Defendant GCI's

23   office at or around 10 a.m. and then work continuously until approximately 10 p.m.

24

25        44.    As an Assistant Canvass Director. Canvass Director and Field Organizer. Plaintiff

26   Campopiano performed duties and tasks of such a nature. quality and duration that Plaintiff

27   ///

28                                              10
     CLASS AND COLLECTIVE ACTION COMPLAINT

1   Campopiano was effectively a non-exempt employee entitled to receive both minimum wages

2   and applicable overtime compensation.

3       45.    Plaintiff Campopiano was not provided with half-hour, duty free meal breaks for

4   each five (5) hour block of time that he worked as a Field Organizer in California. He also was

5
    not provided with 10-minute rest breaks for each four (4) hour block of time (or major portions
6
7   thereof) that he worked in California.

8       46.    Plaintiff Campopiano was also required to incur, and/or not reimbursed for, certain

9   business expenses of Defendant GCI, including, but not limited to, travel and office-related

10  administrative costs.

11              **FACTS APPLICABLE TO CLAIMS OF PLAINTIFF RAVEN**

12      47.    Plaintiffs re-allege and incorporate by reference herein all allegations previously
13
    made in Paragraphs 1 through 46, above.
14

15      48.    Plaintiff Raven was an employee of Defendant from approximately September

16  2006 through November 2006.

17      49.    From September 1 to September 16, 2006, Plaintiff Raven worked as an "Assistant

18  Canvass Director" in San Francisco. From September 16, 2006 through November 2006, she

19  worked as a "Field Organizer" in San Francisco.
20
        50.    At all times relevant to this Complaint, Plaintiff Raven was compensated for her
21
22  work with Defendant GCI solely through a set annual salary of approximately $920.00 per pay

23  period, or approximately $24,000.00 per year.

24      51.    Plaintiff Raven was never paid overtime for any work she performed for

25  Defendant GCI in excess of forty (40) hours in a single week, in excess of eight (8) hours in a

26  single work day, or on the seventh (7th) consecutive day(s) of work.

27  ///

28                                          11
    CLASS AND COLLECTIVE ACTION COMPLAINT

1       52.    As an Assistant Canvass Director, Plaintiff Raven was required to arrive at

2   Defendant GCI's office at or around 8:30 a.m. and then work continuously until approximately 11

3   p.m. Plaintiff Raven was expected to work at least six (6) (and sometimes seven (7)) days each

4   week as an Assistant Canvass Director.

5

6       53.    As a Field Organizer, Plaintiff Raven generally was required to arrive at Defendant

7   GCI's office at or around 7:30 a.m. and then work continuously until approximately 10 p.m.,

8   Mondays through Fridays. On Saturdays, Plaintiff Raven generally was required to arrive at

9   Defendant GCI's office at or around 9 a.m. and then work continuously until approximately 8

10  p.m. On Sundays, Plaintiff Raven generally was required to arrive at Defendant GCI's office at

11  or around 11 a.m. and then work continuously until approximately 10 p.m.

12

13      54.    As both an Assistant Canvass Director and a Field Organizer, Plaintiff Raven

14  performed duties and tasks of such a nature, quality and duration that Plaintiff Raven was

15  effectively a non-exempt employee entitled to receive both minimum wages and applicable

16  overtime compensation.

17      55.    Plaintiff Raven was not provided with half-hour, duty free meal breaks for each

18  five (5) hour block of time that she worked as a Field Organizer in California. She also was not

19  provided with 10-minute rest breaks for each four (4) hour block of time (or major portions

20  thereof) that she worked in California.

21

22      56.    Plaintiff Raven was also required to incur, and/or not reimbursed for, certain

23  business expenses of Defendant GCI, including, but not limited to, travel and office-related

24  administrative costs.

25                **FACTS APPLICABLE TO CLAIMS OF PLAINTIFF WARD**

26      57.    Plaintiffs re-allege and incorporate by reference herein all allegations previously

27  made in Paragraphs 1 through 56, above.

28                                  12

. Case3:07-cv-03465-JSW Document1 Filed07/02/07 Page13 of 23

58.     Plaintiff Ward was an employee of Defendant from approximately October 2006 through November 2006.

59.     Plaintiff Ward worked as a Field Organizer in San Francisco at all times during her employment with Defendant GCI.

60.     At all times relevant to this Complaint, Plaintiff Ward was compensated for her work with Defendant GCI solely through a set annual salary of approximately $920.00 per pay period, or approximately $24,000.00 per year.

61.     Plaintiff Ward was never paid overtime for any work she performed for Defendant GCI in excess of forty (40) hours in a single week, in excess of eight (8) hours in a single work day, or on the seventh (7th) consecutive day(s) of work.

62.     As a Field Organizer, Plaintiff Ward was required to arrive at Defendant GCI's office at or around 7:30 a.m. and then work continuously until approximately 11 p.m., Mondays through Fridays. On Saturdays, Plaintiff Ward was required to arrive at Defendant GCI's office at or around 9:00 a.m. and then work continuously until approximately 8 p.m. On Sundays, Plaintiff Ward generally was required to arrive at Defendant GCI's office at or around 11 a.m. and then work continuously until approximately 10 p.m.

63.     As a Field Organizer, Plaintiff Ward performed duties and tasks of such a nature, quality and duration that Plaintiff Ward was effectively a non-exempt employee entitled to receive both minimum wages and applicable overtime compensation.

64.     Plaintiff Ward was not provided with half-hour, duty free meal breaks for each five (5) hour block of time that she worked as a Field Organizer in California. She also was not provided with 10-minute rest breaks for each four (4) hour block of time (or major portions thereof) that she worked in California.

///

13

CLASS AND COLLECTIVE ACTION COMPLAINT

65.     Plaintiff Ward was also required to incur, and/or not reimbursed for, certain business expenses of Defendant GCI, including, but not limited to, travel and office-related administrative costs.

## FIRST CAUSE OF ACTION

## (Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. Section 201, *et seq*.)

## (On Behalf of All Named Plaintiffs and All Sub-Classes)

66.     Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 65, above.

67.     During all time periods relevant to this Complaint, Defendant GCI required Plaintiffs and other class members to work in excess of forty (40) hours per week.

68.     Plaintiffs and other class members did in fact routinely work in excess of forty (40) hours per week.

69.     During all time periods relevant to this Complaint, the FLSA required that all work performed by non-exempt employees in excess of forty (40) hours in any single workweek be compensated at a rate of one-and-one-half times the employees' regular rate of pay.

70.     Defendant GCI failed to compensate Plaintiffs and other class members for overtime hours they worked.

71.     Defendant GCI's conduct, as alleged herein, was willful and in bad faith within the meaning of 29 U.S.C. Section 255(a).

72.     Plaintiffs and other class members are therefore entitled to the relief requested below.

///

14

CLASS AND COLLECTIVE ACTION COMPLAINT

1

## SECOND CAUSE OF ACTION

2

**(Failure to Pay Overtime in Violation of California Labor Code Section 1194)**

3

**(On Behalf of All Named Plaintiffs and the Salary Sub-Class)**

4

5

73.    Plaintiffs re-allege and incorporate by reference herein all allegations previously

6

made in Paragraphs 1 through 72, above.

7

74.    During all time periods relevant to this Complaint, Defendant GCI required

8

Plaintiffs and other class members to work in excess of eight (8) hours in a single day, and/or in

9

excess of forty (40) hours in a single week.

10

75.    Plaintiffs and other class members did in fact routinely work in excess of eight (8)

11

hours in a single day, and in excess of forty (40) hours in a single week.

12

13

76.    During all time periods relevant to this Complaint, both the California Labor Code

14

and relevant Wage Orders of the California Industrial Welfare Commission required that all work

15

performed by employees in excess of eight (8), but not exceeding twelve (12), hours in a single

16

day, on the seventh (7th) consecutive day of work in a single workweek, and/or in excess of forty

17

(40) hours in any single workweek be compensated at a rate of one-and-one-half times the

18

employees' regular rate of pay. Work in excess of twelve (12) hours in any single workday must

19

be compensated at a rate of twice the employees' regular rate of pay.

20

77.    Defendant GCI failed to compensate Plaintiffs and other class members for

21

22

overtime hours they worked.

23

78.    Plaintiff and other class members are therefore entitled to the relief requested

24

below.

25

26

27

///

28

15

CLASS AND COLLECTIVE ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### (Failure to Pay Earned Wages in Violation of the FLSA)

### (On Behalf of Plaintiff Campopiano and the Other Non-Payment Class)

79.    Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 78, above.

80.    During all time periods relevant to this Complaint, Defendant GCI suffered and permitted Plaintiff Campopiano and other members of the Other Non-Payment Class to work "training" or "shadowing" days.

81.    Plaintiff Campopiano and other members of the Other Non-Payment Class did in fact work "training" or "shadowing" days at or near the start of their employment with Defendant GCI.

82.    During all time periods relevant to this Complaint, the FLSA required that employers, including Defendant GCI, compensate employees, including Plaintiff Campopiano and all other members of the Other Non-Payment Class, for all time during which they were suffered or permitted to work.

83.    Defendant GCI failed to compensate Plaintiff Campopiano and other members of the Other Non-Payment Class for time spent working during "training" or "shadowing" days.

84.    Defendant GCI's conduct, as alleged herein, was willful and in bad faith within the meaning of 29 U.S.C. Section 216.

85.    Plaintiffs and other class members are therefore entitled to the relief requested below.

///

16

CLASS AND COLLECTIVE ACTION COMPLAINT

1       ## FOURTH CAUSE OF ACTION

2       **(Failure to Pay Earned Wages in Violation of the California Labor Code)**

3       **(On Behalf of Plaintiff Campopiano and the California Non-Payment Class)**

4
        86.     Plaintiffs re-allege and incorporate by reference herein all allegations previously
5
6       made in Paragraphs 1 through 85, above.

7       87.     During all time periods relevant to this Complaint, Defendant GCI suffered and

8       permitted Plaintiff Campopiano and other members of the California Non-Payment Class to work

9       "training" or "shadowing" days.

10      88.     Plaintiff Campopiano and other members of the California Non-Payment Class did

11      in fact work "training" or "shadowing" days at or near the start of their employment with

12      Defendant GCI.
13
14      89.     During all time periods relevant to this Complaint, the California Labor Code

15      (and/or the common law) required that employers, including Defendant GCI, compensate

16      employees, including Plaintiff Campopiano and all other members of the California Non-Payment

17      Class, for all time during which they were suffered or permitted to work.

18      90.     Defendant GCI failed to compensate Plaintiff Campopiano and other members of

19      the California Non-Payment Class for time spent working during "training" or "shadowing" days.
20
        91.     Plaintiffs and other class members are therefore entitled to the relief requested
21
22      below.

23      ## FIFTH CAUSE OF ACTION

24      **(Failure to Pay Minimum Wages in Violation of FLSA 29 U.S.C. Section 201, *et seq*.)**

25      **(On Behalf of All Named Plaintiffs and All Sub-Classes)**

26      92.     Plaintiffs re-allege and incorporate by reference herein all allegations previously

27      made in Paragraphs 1 through 91, above.
28                                                  17
        CLASS AND COLLECTIVE ACTION COMPLAINT

93.     During all time periods relevant to this Complaint. Defendant GCI required

Plaintiffs and other class members to work excessive amounts. usually exceeding ninety (90)

hours per week.

94.     Plaintiffs and other class members did in fact routinely work excessive amounts,

usually exceeding ninety (90) hours per week.

95.     During all time periods relevant to this Complaint, the FLSA required employers.

including Defendant GCI, to pay the required minimum wage for all hours worked.

96.     Defendant GCI failed to pay Plaintiffs and other class members the minimum

wage required by the FLSA.

97.     Plaintiff and other class members are therefore entitled to the relief requested

below.

## SIXTH CAUSE OF ACTION

**(Failure to Pay Minimum Wages in Violation of California Labor Code Section 1197)**

**(On Behalf of All Named Plaintiffs and the Salary Sub-Class)**

98.     Plaintiffs re-allege and incorporate by reference herein all allegations previously

made in Paragraphs 1 through 97, above.

99.     During all time periods relevant to this Complaint. Defendant GCI required

Plaintiffs and other class members to work excessive amounts. usually exceeding ninety (90)

hours per week.

100.    Plaintiffs and other class members did in fact routinely work excessive amounts,

usually exceeding ninety (90) hours per week.

101.    During all time periods relevant to this Complaint. the California Labor Code and

applicable Wage Orders of the IWC required employers, including Defendant GCI. to pay the

required minimum wage for all hours worked.

18

CLASS AND COLLECTIVE ACTION COMPLAINT

1    102.    Defendant GCI failed to pay Plaintiffs and other class members the minimum

2    wage required by the California Labor Code and applicable Wage Orders of the IWC.

3    103.    Plaintiffs and other class members are therefore entitled to the relief requested

4    below.

5

6                          **SEVENTH CAUSE OF ACTION**

7    **(Failure to Provide Meal & Rest Breaks in Violation of Cal. Lab. Code Sections 226.7, 512)**

8    **(On Behalf of All Named Plaintiffs and the Salary and California Non-Payment SubClasses)**

9    104.    Plaintiffs re-allege and incorporate by reference herein all allegations previously

10   made in Paragraphs 1 through 103, above.

11   105.    During all time periods relevant to this Complaint, Defendant GCI required

12   Plaintiffs and other class members to work more than five (5) consecutive hours without being

13   provided with a duty-free, half-hour meal break.

14

15   106.    During all time periods relevant to this Complaint, Defendant GCI required

16   Plaintiffs and other class members to work for four (4) consecutive hours, or major fractions

17   thereof, without being provided with ten-minute rest breaks.

18   107.    Plaintiffs and other class members did in fact routinely work more than five (5)

19   consecutive hours without being provided with a duty-free, half-hour meal break, and for four (4)

20   consecutive hours, or major fractions thereof, without being provided with ten (10) minute rest

21   breaks.

22

23   108.    During all time periods relevant to this Complaint, both the California Labor Code

24   and relevant Wage Orders of the Industrial Welfare Commission required that Plaintiffs and other

25   class members be provided with duty-free, half-hour meal breaks after five (5) consecutive hours

26   of work, and with ten (10) minute rest breaks for every four (4) consecutive hours, or major

27   fractions thereof, that they work.

28                                                    19

CLASS AND COLLECTIVE ACTION COMPLAINT

109.    Plaintiffs and other class members are therefore entitled to the relief requested below.

## EIGHTH CAUSE OF ACTION

**(Failure to Reimburse Expenses in Violation of California Labor Code Section 2802)**

**(On Behalf of All Named Plaintiffs and the Salary and California Non-Payment SubClasses)**

110.    Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 109, above.

111.    During all time periods relevant to this Complaint, Defendant GCI required Plaintiffs and other class members to incur certain business-related expenses on behalf of Defendant GCI, including travel and office administrative costs.

112.    Plaintiffs and other class members did in fact incur certain business-related expenses on behalf of Defendant GCI, including travel and office administrative costs.

113.    Defendant GCI never reimbursed Plaintiffs or other class members for the equipment expenditures they were required to make.

114.    During all time periods relevant to this Complaint, the California Labor Code required employers to indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' job duties.

115.    Plaintiffs and other class members are therefore entitled to the relief requested below.

## NINTH CAUSE OF ACTION

**(Willful Failure to Pay in Violation of Labor Code Section 203)**

**(On Behalf of All Named Plaintiffs and the Salary and California Non-Payment SubClasses)**

116.    Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 115, above.

20

CLASS AND COLLECTIVE ACTION COMPLAINT

1    117.    During all time periods relevant to this Complaint, Plaintiffs and other class

2    members quit or were discharged from their employment from Defendant GCI without being paid

3    all wages they had earned up to the date of their respective termination.

4    118.    Defendant GCI's failure to pay earned wages was willful, in that Defendant GCI

5    knew that Plaintiffs and other class members had performed work for which they had not been

6

7    paid.

8    119.    Plaintiffs and other class members are therefore entitled to the relief requested

9    below.

10                              **TENTH CAUSE OF ACTION**

11        **(Unfair Business Practices in Violation of Cal. Bus. & Prof. Code Section 17200)**

12    **(On Behalf of All Named Plaintiff and the Salary and California Non-Payment Sub-Classes)**

13

14    120.    Plaintiffs re-allege and incorporate by reference herein all allegations previously

15    made in Paragraphs 1 through 119, above.

16    121.    California Business & Professions Code Section 17200, *et seq.*, prohibits acts of

17    unfair competition, which includes, but is not limited to, any *unlawful* business practice or act.

18    120.    The policies, acts and practices described herein were and are an unlawful business

19    act or practice because Defendant GCI's failure to pay minimum wages and overtime, failure to

20

21    provide meal and rest breaks, and failure to reimburse expenses its required of its employees

22    violates the California Labor Code, including, but not limited to, Sections 226.7, 512, 1194, 2802,

23    applicable Wage Orders of the IWC, and other provisions of California common and/or statutory

24    law.

25    122.    The unfair competition prohibited by Section 17200 also prohibits *unfair* business

26    practices or acts.

27    ///

28                                    21
     CLASS AND COLLECTIVE ACTION COMPLAINT

123.    The policies. acts or practices described herein were. and are, an unfair business act or practice because any justifications for Defendant GCI's unlawful and unfair conduct were, and are, vastly outweighed by the harm such conduct caused to Plaintiffs and other class members. as well as members of the general public.

124.    Plaintiffs and other class members are therefore entitled to the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment and relief as follows:

1.    An order certifying that this action may be maintained as a class and/or collective action;

2.    Court approval and/or assistance with issuing notice to potential class members alerting them to this action;

3.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action. in an amount to be proven at trial based on. *inter alia*, the unpaid balance of overtime compensation. wages, penalties and expenses owed by Defendant GCI;

4.    Liquidated damages. as required and available under each cause of action;

5.    An order enjoining Defendant GCI from pursuing the policies, acts, and practices complained of herein;

6.    Reasonable attorneys' fees pursuant to, *inter alia*. the FLSA; California Labor Code Section 1194; and Business & Professions Code Section 17200;

7.    Costs of suit;

8.    Reimbursement of expenses;

///

22

CLASS AND COLLECTIVE ACTION COMPLAINT

9.    Pre- and post-judgment interest:

10.    Such other and further relief as this Court deems just and proper.

///

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: June 29 , 2007                    NELSON LAW GROUP

By: _____
Robert S. Nelson
Attorneys for ANGELA BADAMI,
LENNON            BRONSEMA,
BENJAMIN         CAMPOPIANO,
KATHRYN    RAVEN,    AUDREY
WARD   and   all   others   similarly
situated

23
CLASS AND COLLECTIVE ACTION COMPLAINT