RAYMOND L. WHEELER (CA SBN 52886)
RWheeler@mofo.com
SHARYN K. FUNAMURA (CA SBN 193518)
SFunamura@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone:    650.813.5600
Facsimile:    650.494.0792

WALTER V. SIEBERT *(Pro Hac Vice pending)*
BSiebert@sah.com
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202-3622
Telephone:    303.297.2900
Facsimile:    303.298.0940

Attorneys for Defendant
GRASSROOTS CAMPAIGNS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELA BADAMI, LENNON BRONSEMA, BENJAMIN CAMPOPIANO, KATHRYN RAVEN, AUDREY WARD, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRASSROOTS CAMPAIGNS, INC.,<br><br>Defendant. | Case No.   C-07-3465 JSW<br><br>**ANSWER TO COMPLAINT FOR DAMAGES CLASS AND COLLECTIVE ACTION AND JURY TRIAL REQUEST**<br><br>Hon. Jeffrey S. White |

1       Comes now Grassroots Campaigns, Inc. (hereinafter "Defendant" or "GCI") and for its
2  Answer to the Complaint for Damages Class and Collective Action and Request for Jury Trial,
3  states as follows:
4       1.   Defendant admits that the Complaint is for the reasons set forth in paragraph 1 of
5  the Complaint.
6       2.   Defendant is without knowledge or information sufficient to form a belief as to the
7  truth of the matters contained in paragraph 2 of the Complaint and therefore denies same.
8       3.   Defendant is without knowledge or information sufficient to form a belief as to the
9  truth of the matters contained in paragraph 3 of the Complaint and therefore denies same.
10      4.   Defendant admits the allegations contained in paragraph 4 of the Complaint and
11 states affirmatively that it is a Massachusetts corporation headquartered in Boston, Massachusetts.
12      5.   Defendant admits that this Court has jurisdiction over this matter pursuant to the
13 Fair Labor Standards Act, 29 U.S.C. § 207 et seq. Defendant denies the remaining allegations
14 contained in paragraph 5 of the Complaint and states affirmatively that supplemental jurisdiction
15 is within the discretion of the Court.
16      6.   Defendant admits that venue is proper in the Northern District of California.
17 Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.
18      7.   Defendant admits and denies the allegations contained in paragraphs 1-6 of the
19 Complaint as set forth above.
20      8.   Defendant admits that it is an "employer" as defined in the Fair Labor Standards
21 Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of
22 the remaining allegations contained in paragraph 8 of the Complaint and therefore denies same.
23      9.   Defendant is without knowledge or information sufficient to form a belief as to the
24 truth of the allegations contained in paragraph 9 of the Complaint and therefore denies same.
25      10.  Defendant admits that Plaintiffs purport to bring the claims contained in the
26 Complaint on behalf of both themselves and all persons similarly situated. Defendant denies the
27 remaining allegations contained in paragraph 10 of the Complaint.
28      11.  Defendant denies the allegations contained in paragraph 11 of the Complaint.

ANSWER TO COMPLAINT FOR DAMAGES CLASS/COLLECT. ACTION & JURY TRIAL REQUEST
Case No. C-07-3465 JSW
sf-2385294

1

1   12.   Defendant denies the allegations contained in paragraph 12 of the Complaint.

2   13.   Defendant denies the allegations contained in paragraph 13 of the Complaint.

3   14.   Defendant denies the allegations contained in paragraph 14 of the Complaint.

4   15.   Defendant denies the allegations contained in paragraph 15 of the Complaint.

5   16.   Defendant admits and denies the allegations contained in paragraphs 1-15 of the Complaint as set forth above.

7   17.   Defendant denies the allegations contained in paragraph 17 of the Complaint and states affirmatively that Plaintiff Badami was employed by Defendant from August 2, 2006 to and including November 10, 2006.

10  18.   Defendant denies the allegations contained in paragraph 18 of the Complaint and states affirmatively that Plaintiff Badami was employed as a "Field Manager" from August 2, 2006 until August 21, 2006, and was employed as an "Assistant Canvass Director" from August 22, 2006 until September 20, 2006.

14  19.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 19 of the Complaint and therefore denies same.

16  20.   Defendant admits the allegations contained in paragraph 20 of the Complaint.

17  21.   Defendant denies the allegations contained in paragraph 21 of the Complaint.

18  22.   Defendant denies the allegations contained in paragraph 22 of the Complaint.

19  23.   Defendant denies the allegations contained in paragraph 23 of the Complaint.

20  24.   Defendant denies the allegations contained in paragraph 24 of the Complaint.

21  25.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 25 of the Complaint and therefore denies same.

23  26.   Defendant admits and denies the allegations contained in paragraphs 1-25 of the Complaint as set forth above.

25  27.   Defendant denies the allegations contained in paragraph 27 of the Complaint and states affirmatively that Plaintiff Bronsema was employed by Defendant from May 22, 2006 to and including November 10, 2006.

28

1   28.    Defendant denies the allegations contained in paragraph 28 of the Complaint and states affirmatively that Plaintiff Bronsema worked as an "Assistant Director" in Denver, Colorado from May 22, 2006 until September 11, 2006. From September 11, 2006 until November 10, 2006 he was employed as a "Field Organizer" in San Francisco, California.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 29 of the Complaint and therefore denies same.

30.    Defendant admits the allegations contained in paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant admits and denies the allegations contained in paragraphs 1-34 of the Complaint as set forth above.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint and states affirmatively that Plaintiff Campopiano was employed by Defendant from June 29, 2004 through November 4, 2004 and from June 7, 2006 to and including November 10, 2006.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint and states affirmatively that Plaintiff Campopiano was employed from June 29, 2004 until November 4, 2004 as a "Canvasser and Field Manager" in Washington, D.C., during which time he would not have been paid on a salary basis. From June 19, 2006 until September 20, 2006 he was employed as a "Canvass Director"; and from September 20, 2006 through November 10, 2006 he was employed as a "Field Organizer."

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 39 of the Complaint and therefore denies same.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 40 of the Complaint and therefore denies same.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 46 of the Complaint and therefore denies same.

47. Defendant admits and denies the allegations contained in paragraphs 1-46 of the Complaint as set forth above.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint and states affirmatively that Plaintiff Raven was employed by Defendant from September 1, 2006 to and including November 10, 2006.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and states affirmatively Plaintiff Raven was employed as a "Field Manager" from September 1, 2006 to September 20, 2006 and thereafter was employed as a "Field Organizer."

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 50 of the Complaint and therefore denies same.

51. Defendant admits the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 56 of the Complaint and therefore denies same.

57. Defendant admits and denies the allegations contained in paragraphs 1-56 of the Complaint as set forth above.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint and states affirmatively that Plaintiff Ward was employed by Defendant from October 9, 2006 to and including November 10, 2006.

1   59.   Defendant admits the allegations contained in paragraph 59 of the Complaint.

2   60.   Defendant is without knowledge or information sufficient to form a belief as to the
3   truth of the matters contained in paragraph 60 of the Complaint and therefore denies same.

4   61.   Defendant admits the allegations contained in paragraph 61 of the Complaint.

5   62.   Defendant denies the allegations contained in paragraph 62 of the Complaint.

6   63.   Defendant denies the allegations contained in paragraph 63 of the Complaint.

7   64.   Defendant denies the allegations contained in paragraph 64 of the Complaint.

8   65.   Defendant is without knowledge or information sufficient to form a belief as to the
9   truth of the matters contained in paragraph 65 of the Complaint and therefore denies same.

10   66.   Defendant admits and denies the allegations contained in paragraphs 1-65 of the
11   Complaint as set forth above.

12   67.   Defendant denies the allegations contained in paragraph 67 of the Complaint.

13   68.   Defendant denies the allegations contained in paragraph 68 of the Complaint.

14   69.   Defendant denies the allegations contained in paragraph 69 of the Complaint and
15   states affirmatively that the Fair Labor Standards Act speaks itself.

16   70.   Defendant denies the allegations contained in paragraph 70 of the Complaint.

17   71.   Defendant denies the allegations contained in paragraph 71 of the Complaint.

18   72.   Defendant denies the allegations contained in paragraph 72 of the Complaint.

19   73.   Defendant admits and denies the allegations contained in paragraphs 1-72 of the
20   Complaint as set forth above.

21   74.   Defendant denies the allegations contained in paragraph 74 of the Complaint.

22   75.   Defendant denies the allegations contained in paragraph 75 of the Complaint.

23   76.   Defendant denies the allegations contained in paragraph 76 of the Complaint and
24   states that the California Labor Code and relevant Wage Orders of the California Industrial
25   Welfare Commission speak for themselves.

26   77.   Defendant denies the allegations contained in paragraph 77 of the Complaint.

27   78.   Defendant denies the allegations contained in paragraph 78 of the Complaint.

28

79. Defendant admits and denies the allegations contained in paragraphs 1-78 of the Complaint as set forth above.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint and states affirmatively that the Fair Labor Standards Act speaks for itself.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant admits and denies the allegations contained in paragraphs 1-85 of the Complaint as set forth above.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint and states affirmatively that the California Labor Code speaks for itself.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant admits and denies the allegations contained in paragraphs 1-91 of the Complaint as set forth above.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint and states affirmatively that the Fair Labor Standards Act speaks for itself.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in paragraph 97 of the Complaint.

98. Defendant admits and denies the allegations contained in paragraphs 1-97 of the Complaint as set forth above.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint and states affirmatively that the California Labor Code and Wage Orders of the IWC speak for themselves.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant admits and denies the allegations contained in paragraphs 1-103 of the Complaint as set forth above.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint and states affirmatively that the California Labor Code and relevant Wage Orders of the Industrial Welfare Commission speak for themselves.

109. Defendant denies the allegations contained in paragraph 109 of the Complaint.

110. Defendant admits and denies the allegations contained in paragraphs 1-109 of the Complaint as set forth above.

111. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 111 of the Complaint and therefore denies same.

112. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 112 of the Complaint and therefore denies same.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 113 of the Complaint and therefore denies same.

114. Defendant denies the allegations contained in paragraph 114 of the Complaint and states affirmatively that the California Labor Code speaks for itself.

115. Defendant denies the allegations contained in paragraph 115 of the Complaint.

116. Defendant admits and denies the allegations contained in paragraphs 1-115 of the Complaint as set forth above.

1      117.    Defendant denies the allegations contained in paragraph 117 of the Complaint.

2      118.    Defendant denies the allegations contained in paragraph 118 of the Complaint.

3      119.    Defendant denies the allegations contained in paragraph 119 of the Complaint.

4      120.    Defendant admits and denies the allegations contained in paragraphs 1-119 of the Complaint as set forth above.

6      121.    Defendant denies the allegations contained in paragraph 121 of the Complaint and states affirmatively that the California Business & Professions Code speaks for itself.

8      120. [sic]    Defendant denies the allegations contained in paragraph 120 of the Complaint and states affirmatively that the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission speak for themselves.

11     122.    Defendant denies the allegations contained in paragraph 122 of the Complaint and states affirmatively that the California Business & Professions Code speaks for itself.

13     123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

14     124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

15     125.    Defendant denies that Plaintiff or any other persons are entitled to any relief whatsoever.

17     126.    Defendant denies each and every allegation not specifically admitted above.

### FIRST SEPARATE DEFENSE

Plaintiffs and all those they purport to include in any collective or class action are exempt (or under applicable corrective measures are entitled to be exempt) from requirements of the FLSA and/or the California Labor Code.

### SECOND SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable federal and/or state statutes of limitations, including but not limited to 29 U.S.C. §255(a), Labor Code Section 203, California Code of Civil Procedure Sections 338(a) and 340(a), and California Business and Professions Code Section 17208.

ANSWER TO COMPLAINT FOR DAMAGES CLASS/COLLECT. ACTION & JURY TRIAL REQUEST
Case No. C-07-3465 JSW
sf-2385294

8

### THIRD SEPARATE DEFENSE

Plaintiffs have impermissibly joined and combined parties or seek to do so.

### FOURTH SEPARATE DEFENSE

The claims of any Plaintiffs are barred to the extent they are claims which have been the subject of any prior litigation against Defendant brought by the United States Department of Labor or a state labor agency/department.

### FIFTH SEPARATE DEFENSE

To the extent any Plaintiff employed by Defendant as a canvasser and/or field manager was not exempt from overtime compensation requirements of the FLSA and/or the California Labor Code, which Defendant denies, such individuals were properly compensated in accordance with a reasonable agreement between such individual and Defendant and applicable law and regulations, including but not limited to, 29 C.F.R. § 785.23.

### SIXTH SEPARATE DEFENSE

Based on information and belief, Defendant states that at all times relevant hereto, it acted in good faith and with absence of malice with regard to Plaintiffs and had reasonable grounds for believing its actions as to Plaintiffs were not in violation of the FLSA and/or the California Labor Code or California Business & Professions Code.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' recovery is barred in whole or in part to the extent the doctrines of waiver, laches, estoppel, and/or unclean hands apply.

### EIGHTH SEPARATE DEFENSE

To the extent Plaintiffs are entitled to recover on the claims alleged, which Defendant denies, Defendant is entitled to offset against any such recovery any and all amounts owed Defendant by such person, any overpayments to such person, any premium pay paid to such person, and any damages or harm caused to Defendant by the actions or inaction of any such person.

## NINTH SEPARATE DEFENSE

The claims asserted herein are barred to the extent such claims were the subject of any prior governmental investigation, part of or covered by any other judicial action, or part of any other judicial action that was settled, resolved or dismissed, or to the extent such claims have been settled, waived and/or released.

## TENTH SEPARATE DEFENSE

Defendant is entitled, pursuant to Rule 20(b), to a separate trial on each individual claim asserted by any Plaintiff.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by Section 10 of the Portal to Portal Act, 29 U.S.C. § 259, to the extent Defendant acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor, and/or any administrative practice or enforcement of the Administrator.

## TWELFTH SEPARATE DEFENSE

To the extent Plaintiffs are entitled to any recovery, which Defendant denies, Plaintiffs are barred and precluded from securing any double recovery, including with respect to overtime compensation, liquidated damages, punitive damages, or other recovery.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs are precluded from proceeding and not entitled to any recovery to the extent they have waived their right to recover or are estopped by their own actions from doing so.

## FOURTEENTH SEPARATE DEFENSE

The claims for attorney's fees, court costs, restitution, injunctive and other equitable remedies and relief, including, but not limited to, liquidated and exemplary damages and back pay, restitution and injunctive relief are not triable to a jury.

### FIFTEENTH SEPARATE DEFENSE

Any award of penalties, liquidated damages or exemplary damages, to Plaintiffs, would violate the constitutional safeguards provided under the Constitutions of the United Sates and of the State of California.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs have failed and neglected to mitigate their respective alleged damages, injuries, and/or losses, and, therefore, any recovery against Defendant should be barred or reduced accordingly.

### SEVENTEENTH SEPARATE DEFENSE

Defendant has not knowingly and/or intentionally failed to comply with any federal or state statute.

### EIGHTEENTH SEPARATE DEFENSE

Some or all of Plaintiffs may be exempt under California law and/or applicable Wage Orders as they are executive or administrative employees.

### NINETEENTH SEPARATE DEFENSE

Defendant reserves the right to amend its Answer and to add additional Affirmative and/or Separate Defenses as Plaintiffs' claims are more fully discovered in the course of this litigation.

### TWENTIETH SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### TWENTY-FIRST SEPARATE DEFENSE

Some or all of Plaintiffs are not similarly situated to each other or any other current or former employee of Defendant.

### TWENTY-SECOND SEPARATE DEFENSE

This matter should not be certified as a collective action pursuant to 29 U.S.C. § 216.

### TWENTY-THIRD SEPARATE DEFENSE

This matter should not be certified as a class action under Fed. R. Civ. P. 23.

### TWENTY-FOURTH SEPARATE DEFENSE

Some or all of Plaintiffs are exempt under 29 U.S.C. § 207(i).

### TWENTY-FIFTH SEPARATE DEFENSE

Some of Plaintiffs' claims are preempted.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs, and all others similarly situated are not entitled to recover any penalties under California Code Section 203 because Defendant did not act willfully within the meaning of the statute as a good faith dispute exists as to whether Plaintiffs, and any of the putative class members they purport to represent, were entitled to any overtime or other additional compensation.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' Complaint and each of the purported causes of action set forth therein, is barred to the extent that Plaintiffs and any putative class members performed job duties that diverged from Defendant's realistic expectations or failed to perform job duties realistically expected by Defendant.

WHEREFORE, after fully answering Plaintiffs' Complaint, Defendant prays as follows:

A.   That Plaintiffs take nothing by this action;

B.   That judgment be entered in Defendant's favor;

C.   That Defendant recover all costs of Court and reasonable attorneys' fees as authorized by statute and/or common law; and

D.   That Defendant be awarded such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated:  September 10, 2007

         RAYMOND L. WHEELER
         SHARYN K. FUNAMURA
         MORRISON & FOERSTER LLP

         WALTER V. SIEBERT (*Pro Hac Vice pending*)
         SHERMAN & HOWARD L.L.C.


       By: s/ Sharyn K. Funamura
         Sharyn K. Funamura

         Attorneys for Defendant
         GRASSROOTS CAMPAIGNS, INC.

ANSWER TO COMPLAINT FOR DAMAGES CLASS/COLLECT. ACTION & JURY TRIAL REQUEST
Case No. C-07-3465 JSW
sf-2385294

13