1  ROBERT S. NELSON (CA SBN 220984)
   RNelson@nelsonlawgroup.net
2  NELSON LAW GROUP
   900 Cherry Avenue, Suite 300
3  San Bruno, CA  94066
   Telephone:  (650) 794-2760
4  Facsimile:  (650) 794-2761

5  *Attorneys for Plaintiffs*

6  WALTER V. SIEBERT (*Pro Hac Vice*)        RAYMOND L. WHEELER (CA SBN 52886)
   BSiebert@sah.com                          RWheeler@mofo.com
7  SHERMAN & HOWARD L.L.C.                   SHARYN K. FUNAMURA (CA SBN 193518)
   633 Seventeenth Street, Suite 3000        SFunamura@mofo.com
8  Denver, CO  80202-3622                    MORRISON & FOERSTER LLP
   Telephone:  (303) 297-2900                755 Page Mill Road
9  Facsimile:  (303) 298-0940                Palo Alto, CA  94304-1018
                                             Telephone:  (650) 813-5600
10                                           Facsimile:  (650) 494-0792

11  *Attorneys for Defendant*

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16

17  ANGELA BADAMI, LENNON BRONSEMA,          Case No.    C-07-3465 JSW
    BENJAMIN CAMPOPIANO, KATHRYN
18  RAVEN, AUDREY WARD, and all others       **JOINT STIPULATION OF**
    similarly situated,                      **SETTLEMENT AND RELEASE**
19                                           **BETWEEN PLAINTIFFS**
                  Plaintiffs,                **ANGELA BADAMI, LENNON**
20                                           **BRONSEMA, BENJAMIN**
         v.                                  **CAMPOPIANO, KATHRYN**
21                                           **RAVEN, AUDREY WARD, AND**
    GRASSROOTS CAMPAIGNS, INC.,              **ALL OTHERS SIMILARLY**
22                                           **SITUATED, AND DEFENDANT**
                                             **GRASSROOTS CAMPAIGNS,**
23                  Defendant.               **INC.**

24                                           Date:  January 29, 2008
                                             Time:  9:00 a.m.
25                                           Judge: Hon. Jeffrey S. White
                                             Ctrm:   2
26

27

28

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

This Joint Stipulation of Settlement and Release ("Joint Stipulation") is made and entered into by and between Plaintiffs Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward, individually, and as class representatives on behalf of the Settlement Classes (defined in Section 1(p), below), and Defendant Grassroots Campaigns, Inc. ("GCI"). This Joint Stipulation and the settlement contemplated by this Joint Stipulation shall become effective upon the date of Effective Final Approval (defined in Section 1(i), below).

## I.    DEFINITIONS

1.    Unless otherwise defined herein, capitalized terms used in this Joint Stipulation shall have the meanings set forth below:

a.    "Action" refers to the federal court action filed in the United States District Court, Northern District of California entitled Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward, on behalf of themselves and all others similarly situated v. Grassroots Campaigns, Inc., Case Number C-07-3465 JSW.

b.    "Claims Administrator" shall mean Gilardi & Co. LLC, which shall perform the customary duties of a Claims Administrator including, but not limited to, the duties enumerated in this Joint Stipulation. All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court (defined in Section 1(f), below), if necessary, which shall have continuing jurisdiction over the terms and conditions of this Joint Stipulation until all payments and obligations contemplated by this Joint Stipulation have been fully carried out. The Claims Administrator may be contacted at Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, California 94901, (415) 461-0410.

c.    "Class Counsel" shall refer to Robert S. Nelson of Nelson Law Group.

d.    "Class Representatives" shall refer to Plaintiffs Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward.

e.    "Compensable Work Weeks" shall mean all weeks worked by GCI's employees in the Covered Position during the Covered Period.

f.    "Court" refers to the United States District Court for the Northern District of California, Honorable Jeffrey White presiding.

g.    "Covered Period" shall mean the following:  For Covered Positions within California, the period from December 1, 2003 through the date this Settlement is preliminarily approved by the Court (the "Preliminary Approval Date").  For Covered Positions outside of California, the period is from December 15, 2004 through the Preliminary Approval Date.

h.    "Covered Positions" shall mean the positions of (i) salaried Canvass Directors, Assistant Canvass Directors, Field Organizers, Field Managers and other salaried employees who were employed by GCI in the State of California and who did not earn at least $540.00 per week during the Covered Period, (ii) all current and former non-salaried employees in California who participated in "observation day," and (iii) salaried and non-salaried positions outside the State of California who filed valid Consents to Join any time prior to the Preliminary Approval Date.

i.    "Effective Final Approval" means the first court day following the last of each of the following occurrences:

i.    Entry by the Court of an Order of Preliminary Approval as described in Paragraph 34 (substantially in the form of the Order with which this Settlement is filed), appointment of Class Counsel, and appointment of a Claims Administrator; and

ii.    Entry by the Court of an Order Granting Final Approval of Class Action Settlement and Dismissing the Action With Prejudice; and

iii.    Entry by the Court of a Final Judgment, dismissing the Action with prejudice; and

iv.    The occurrence of the "Effective Date of Judgment," which shall be deemed to be the last to occur of the following:

1.    Twenty court days after the date and time to appeal or to seek permission to appeal or to seek other judicial review of the entry of the Final Judgment approving the Settlement and dismissing the Action with prejudice has expired with no appeal or other judicial review having been filed, taken or sought; or

2.    If an appeal or other judicial review has been filed, taken or sought, twenty court days after the date on which the Final Judgment is finally affirmed by an appellate court (without any alteration in the Settlement Payment or any material alteration of any other terms of this Joint Stipulation including, but not limited to, the nature and scope of the release) with no possibility of subsequent appeal or other judicial review therefrom, or ten court days after the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of a subsequent appeal or other judicial review.  Provided, however, that an appeal or other judicial review of Class Counsel's application for

attorneys' fees and costs shall have no effect on the Effective Date of Judgment or Effective Final Approval, and shall be governed by the terms of Paragraph 12(c) of this Settlement.

j.     Opt-out Form. "Opt-out Form" refers to Exhibit 1, the Request for Opt-out Form approved by the Settling Parties and subject to Court approval which a Settlement Class Member must submit to exclude themselves from the release of claims pursuant to this Joint Stipulation.

k.     "Final Judgment" shall mean the Order Granting Final Approval of Class Action Settlement and Dismissing the Action With Prejudice and the separate Judgment entered thereon by the Court.

l.     "Settlement Payment" means the $600,000.00 that GCI pays to settle this lawsuit from which the following items shall be paid: Class Counsel's attorneys' fees and costs, the service payment to named Plaintiffs for their service as Class Representatives, court-approved costs of settlement administration, all settlements to the Settlement Class Members and the employee's and the employer's share of FICA and FUTA taxes, and other applicable employer tax contributions associated with wage payments to Settlement Class Members.

m.     "Net Settlement Payment" shall be the remainder of the Settlement Payment after deductions of up to $150,000.00 for Class Counsel's attorneys' fees (Class Counsel shall separately petition the court for costs not to exceed $8,500.00), $2,000.00 for the service payment to each of the Class Representatives, and the reasonable costs of the Notice and Claims Administrator associated with the distribution of the Notice and the administration of this Settlement.  Any settlement payments made to Settlement Class Members pursuant to the Joint Stipulation shall be made from the Net Settlement Fund.

n.    "Notice" shall mean the Notice of Proposed Class Action Settlement and Settlement Hearing, substantially in the form attached as Exhibit 2.  Exhibit 2 is the notice approved by the Settling Parties and subject to Court approval, which the Claims Administrator will mail to each Settlement Class Member explaining the terms of the Settlement contemplated by this Joint Stipulation.

o.    "Settlement" shall mean this Joint Stipulation of Settlement and Release and the class action and collective action settlement contemplated by this Joint Stipulation.

p.    "Settlement Class" or "Settlement Class Members" shall mean present and former employees disclosed by GCI on or before December 31, 2007 as having been employed in at least one of the Covered Positions during the Covered Periods.

q.    "Settling Parties" shall collectively refer to the Class Representatives, Settlement Class Members, those similarly situated and those who fil(ed) Consents to Join the case prior to the date of preliminary approval of this Settlement, and GCI.

r.    "Unknown Claims" means any unknown claims, including a waiver of California Civil Code Section 1542 and commensurate provisions of any other state law arising from the subject matter of this litigation as set forth herein.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

s.    "Defendant" or "GCI" shall mean Defendant Grassroots Campaigns, Inc., and its subsidiaries, predecessors, successors, and assigns that employ employees in the Covered Positions.

## II.    BACKGROUND AND REASONS FOR SETTLEMENT

2.    On July 2, 2007, Plaintiffs Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward filed a complaint on behalf of themselves and all

salaried and non-salaried employees both within and outside the State of California against GCI alleging FLSA collective action and California wage, meal break and unfair competition claims on behalf of a class of California employees.

3.     Plaintiffs believe that the claims they have asserted in this Action are meritorious based on alleged violations of California's wage and hour laws, California's Business & Professions Code, and the FLSA and that this Action is appropriate for class action treatment. GCI denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and contends that, for purposes of other than settlement, this Action is not appropriate for class action treatment pursuant to Federal Rule of Civil Procedure 23.  GCI further contends that it has complied with the California Labor Code, the California Business and Professions Code, the FLSA, and the applicable Wage Orders of the California Industrial Welfare Commission.

4.     After a full day of mediation conducted on November 21, 2007 by an experienced mediator, Honorable Edward R. Infante (Magistrate Judge, Retired), this Settlement was reached after arms-length negotiations by and among the Settling Parties.

5.     Class Counsel has conducted a thorough investigation into the facts of the Action, including a review of relevant documents, and has diligently pursued an investigation of the claims of Settlement Class Members against GCI.  Class Counsel has spent innumerable hours speaking with Plaintiffs and prospective Plaintiffs regarding the facts and law at issue.  Class Counsel also prepared an extensive mediation brief outlining the facts, law and calculation of damages.

6.     Based on his own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with GCI for the consideration and on the terms set forth in this Joint Stipulation is fair, reasonable, and adequate, and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant

delay, the risk the Settlement Class will not be certified by the Court or that it will later be decertified, the defenses asserted by GCI, and potential appellate issues.

7.     The entry of final judgment in this Action shall dismiss with prejudice all claims alleged in the Action.  The Settling Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

## III.     NO ADMISSION

8.     Nothing contained in this Joint Stipulation and the Settlement contemplated in the Joint Stipulation shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of GCI, and GCI denies liability therefor.  While GCI believes that this Action meets the prerequisites for certification of a settlement class, the fact that GCI seeks approval of this Settlement in the form of a class action shall not be construed as an admission that the underlying Action was properly brought as a class action, a representative action under California Business and Professions Code section 17200, or a collective action under the FLSA for purposes other than settlement.  The Settling Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. Settlement of the Action, the negotiation and execution of this Joint Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Joint Stipulation or the Settlement:  (a) are not, and shall not, be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of GCI or of the truth of any of the factual allegations in the operative Complaint in the Action; (b) are not, and shall not, be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of GCI in any civil, criminal, administrative or arbitral proceeding in any court, administrative agency or other tribunal; and (c) are not, and shall not, be deemed to be, and may not be used as, an

admission or evidence of the appropriateness of these or similar claims for class certification or administration other than for purposes of administering this Joint Stipulation. This Joint Stipulation and all exhibits thereto are settlement documents and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation.

9.      GCI expressly reserves the right to reclassify its positions and employees in the affected job classifications as it sees fit in GCI's sole discretion.

**IV.    TERMS OF THE SETTLEMENT**

10.     Settlement Payment and Tax Allocation.

a.      For settlement purposes only, the parties stipulate that a Settlement Class shall be certified to include Covered Positions during the Covered Periods above. Defendant agrees to pay $600,000.00 ("Settlement Payment"), which shall include Class Counsel's attorneys' fees and costs, the service payments to named Plaintiffs Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward for their service as Class Representatives, settlement payments to all Settlement Class Members, Court-approved costs of settlement administration and the employees' and the employer's share of FICA and FUTA taxes, as well as other applicable employer tax contributions associated with wage payments to Class Members. Under no circumstances will Defendant be required to pay more than $600,000.00 total, for any reason whatsoever under this Joint Stipulation.

b.      After deductions from the Settlement payment for Class Counsel's attorneys' fees and costs, service payments to the named Plaintiffs for their service as Class Representatives and all court-approved costs of settlement administration, all Settlement payments to Settlement Class Members shall be allocated from the Net Settlement Fund as set forth in the Declaration of Robert S. Nelson filed concurrently with this Stipulation. Settlement

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

8

Class Members will bear the costs of both the employee's and the employer's share of any payroll tax liability (to be paid from the Settlement Payment), including the employer's share of any future liability arising from interactions with the IRS and/or any other taxing entities.

c.     Following entry of the Final Judgment GCI will hire or retain an independent (not a current or former employee) person to serve as, and perform the job functions of, a human resource position. GCI retains the sole discretion to select the person(s) that it deems appropriate to perform such functions, to determine the appropriate scope of their job duties and responsibilities, and to supervise their performance.

d.     GCI acknowledges and affirms that it has abolished the practice of an unpaid "observation day" and will continue following the pay practice in effect as of the date of this Joint Stipulations of paying individuals for up to three (3) hours of time (at the appropriate minimum wage) for their participation in an observation day.

e.     GCI will ensure its employees are notified of its existing policy for the reimbursement of expenses which, among other things, sets forth the categories of expenses that will be reimbursed and the proper method for applying for expense reimbursement

f.     Following entry of the Final Judgment, GCI will permit its employees in California to have at least one day of rest per workweek (consisting of 7 work days) which in California may be waived by the employee at their election. GCI will comply with applicable law in all other states in which it operates concerning days off.

g.     For all Settlement Class Members, the Claims Administrator shall make appropriate tax reporting and withholdings in accordance with applicable law and regulations and will issue required state and federal reporting documents (such as IRS Forms W-2s and 1099s) to Settlement Class Members, Class Counsel, and the Class Representatives.

h.    The Notice, attached as Exhibit 2, shall notify each Settlement Class Member, to provide the dates the Settlement Class Member was in a Covered Position(s), the Covered Position(s) held, the state(s) in which the Class Member was employed in the Covered Position(s), and the salary paid for each position.

i.    The Settlement Class Members shall receive all settlement compensation in the form of a check as described in paragraph 13 c below.  In exchange for the settlement payments made pursuant to this Joint Stipulation, the Settlement Class Members release any and all claims described in paragraph 32 below.

11.    Attorneys' Fees and Costs.

a.    The Action alleges a potential claim for attorneys' fees and costs pursuant to, *inter alia*, the California Labor Code and the FLSA.  The Settling Parties and the Class Counsel agree that any and all such claims for attorneys' fees and costs have been settled in this Joint Stipulation subject only to approval by the Court.

b.    Class Counsel will apply for, and GCI will not oppose, an award of attorneys' fees in an amount up to, but not to exceed, twenty-five (25) percent of the Settlement Payment (One Hundred Fifty Thousand Dollars and No Cents (or $150,000.00)), all of which shall be paid exclusively from the Settlement Payment, and will compensate Class Counsel for all of the work already performed, and expenses already incurred, in the Action and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, obtaining dismissal of the Action with prejudice, and defending against any appeals, as well as all associated expenses.  None of the named Plaintiffs, Class Counsel, nor any other Settlement Class Member, shall seek payment of attorneys' fees or reimbursement of costs or expenses related to this litigation from GCI except as expressly set forth in this Joint Stipulation.

c.    The substance of Class Counsel's application for attorneys' fees and costs is not part of this Joint Stipulation, and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of this

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

10

1    Action.  Any proceedings related to Class Counsel's application for attorneys' fees or costs shall

2    not terminate or cancel this Joint Stipulation, or otherwise affect the finality of the Court's Order

3    granting final approval.  In the event that Class Counsel appeals the Court's decision on fees, the

4    amount of fees approved by the District Court and not in dispute shall be distributed to Class

5    Counsel within fifteen (15) days of Effective Final Approval and the amount of fees claimed by

6    Class Counsel that are not approved by the District Court and which are subject to an appeal by

7    Class Counsel, if any, shall, within fifteen (15) days of Effective Final Approval, be forwarded by

8    GCI to the Claims Administrator, who will be responsible for keeping those disputed funds until

9    the appeal is resolved and distributing them in accordance with the decision of the Court of

10   Appeal.  Any such appeal by Class Counsel shall not hold up or in any way delay the distribution

11   of the undisputed Net Settlement Fund to Class Members or the distribution of the undisputed

12   fees to Class Counsel.  Upon payment of the disputed portion to the Claims Administrator, GCI

13   shall not be responsible or liable to Class Counsel for the disputed attorneys' fees, including any

14   interest on this amount or the administration of these funds.  GCI will not oppose Class Counsel's

15   fee application in an appellate proceeding as long as the total amount of attorneys' fees sought by

16   Class Counsel does not exceed One Hundred Fifty Thousand and No/100 Dollars ($150,000.00).

17            d.      In the event that Class Counsel are not awarded their requested fees or

18   costs, in whole or in part, no non-awarded fees or costs shall revert to GCI, but instead shall be

19   distributed to Environmental Action.  Similarly, any funds from Settlement Payment checks that

20   were not properly or timely negotiated shall also be distributed to Environmental Action.

21            e.      Within five (5) days prior to the Effective Final Approval by the Court,

22   Class Counsel shall deliver to the Claims Administrator (1) written instructions that describe in

23   the manner and mode of payment of such attorneys' fees and cost, and (2) fully executed Form

24   W-9s with respect to all persons or entities to whom some or all of the attorneys' fees and costs

25   shall be paid.  Fees and costs will be paid within twenty (20) days of Effective Final Approval.

26            f.      IRS Form 1099 will be issued to Class Counsel for such amounts paid for

27   attorney's fees and costs under this Settlement.

28

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**                                                                  11
\283317.1EMPLOY

g. Enhancements to Class Representative. GCI agrees to pay to named Plaintiffs Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward as the Class Representatives a service payment in the amount of $2,000.00 each as an enhancement for their service as Class Representatives, which amount shall be in addition to any payments they may otherwise receive as a Settlement Class Member. GCI will not oppose this service payment. An IRS Form 1099 will be issued to each Class Representative for this service payment.

h. GCI shall not be liable to named Plaintiffs or, in connection with this litigation, the Settlement Class Members or Class Counsel for any attorneys' fees or costs except as provided in this Agreement. Only Class Counsel shall recover attorneys' fees.

12. Distribution to Settlement Class Members. The Claims Administrator will mail to all Settlement Class Members their proportionate share of the Settlement Payment within forty-five (45) calendar days of Effective Final Approval of this Settlement Agreement. GCI will forward to the Claims Administrator the Social Security Numbers (in an encrypted format) of all Class Members who have not opted out, no later than fifteen (15) calendar days after Effective Final Approval. The Settlement Class Members' proportionate share of the Settlement Payment shall be determined according to the formula determined by named Plaintiffs and Class Counsel. The distribution formula is contained in the Declaration of Robert S. Nelson being filed concurrently with this Stipulation.

13. Settlement Payment Date and Other Matters.

a. Within fifteen (15) calendar days of Effective Final Approval, GCI shall forward to the Claims Administrator the full amount of the $600,000.00 Settlement Payment.

b. The Claims Administrator shall make its best efforts to mail settlement payments to Settlement Class Members within forty-five (45) calendar days following Effective Final Approval. The Claims Administrator shall mail the $2,000.00 enhancement to Class Representatives within twenty (20) calendar days following Effective Final Approval. GCI will forward to the Claims Administrator the Social Security Numbers (in an encrypted format) of all

1    Class Members who have not opted out, no later than fifteen (15) calendar days after Effective

2    Final Approval.

3            c.      Each check to each Settlement Class Member shall contain the following

4    language in the space above where the Settlement Class Member must sign to endorse the check:

5    "By negotiating this check, the Settlement Class Member hereby opts in to and accepts the terms

6    of the Settlement in the matter of *Badami, et al. v. Grassroots Campaigns, Inc.*, U.S. District

7    Court, Northern District of California, Case No. C-07-3465 JSW.

8            d.      The Claims Administrator shall provide the payment for attorneys' fees

9    and costs pursuant to the terms of Paragraph 11(c), and the written instructions of counsel, as

10   provided in Paragraph 11(e).

11           e.      Checks issued to Settlement Class Members pursuant to this Joint

12   Stipulation shall remain negotiable for a period of last least one hundred eighty (180) days from

13   the date of mailing.  Any funds from checks which are not properly or timely negotiated shall be

14   distributed to Environmental Action.  GCI will not be responsible for the costs of administration

15   of the non-awarded fees or costs and/or the unclaimed funds.  Settlement Class Members who fail

16   to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain

17   subject to the terms of the Final Judgment and the Release of Claims.

18           f.      The Claims Administrator shall be entitled to payment from the Settlement

19   Payment, for the reasonable costs of administering this settlement, estimated to be approximately

20   $20,000.00.  GCI shall not be liable should the expenses of the Claims Administrator exceed the

21   estimated costs.  Rather, any and all expenses of the Claims Administrator shall come from the

22   Settlement Payment.

23   **V.      NOTICE TO SETTLEMENT CLASS**

24           14.     A Notice in the form attached as Exhibit 2 and approved by the Court shall be sent

25   by the Claims Administrator to the Settlement Class Members, by first class mail, within thirty

26   (30) calendar days of the Court's entry of the Order Granting Preliminary Approval of the

27   Settlement and Notice.  Attached to the Notice will be an Opt-out Form, in the form attached as

28   Exhibit 2.

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

13

15.     GCI shall provide Class Counsel with a list of names and addresses of all salaried employees of GCI in California during the period December 1, 2003 to December 1, 2007.  GCI shall provide a list of the names and addresses of all non-salaried employees of GCI in California during the covered period .  GCI shall provide a list of the names and addresses of all current and former employees who file valid Consents to Join the civil action prior to the Preliminary Approval Date.  All lists shall be provided within fifteen (15) calendar days after Preliminary Approval.  The Claims Administrator shall abide by any information security requirements of GCI, including encrypting data and ensuring the confidentiality of this information.  GCI agrees to consult with the Claims Administrator prior to the production date to ensure that the format of the database will be acceptable to the Claims Administrator.  All Counsel agree that any employee information provided by GCI to Counsel pursuant to this Agreement or otherwise, including GCI employees' Social Security Numbers, salary or wages, disciplinary measures, or medical information (collectively, "GCI Employee Information") must be kept confidential. Counsel agree:  (i) not to disclose or use the GCI Employee Information except as may be reasonably necessary to carry out the provisions of this Agreement or as may become required by law or legal process; and (ii) to take all reasonable measures, including, without limitation, such measures as counsel take to safeguard its own confidential information, to ensure the security and confidentiality of all GCI Employee Information, to protect against unauthorized access to or use of GCI Employee Information, including its proper disposal.  Counsel further agree to promptly notify GCI in the event that they have a reasonable suspicion that any GCI Employee Information has been accessed by any unauthorized person while in the control and custody of either counsel.

16.     GCI will not provide the Claims Administrator with any Class Member Social Security Numbers until the time it forwards to the Claims Administrator the Settlement Payment as provided in Paragraph 13(a), except in response to a request by the Claims Administrator due to the inability to locate a Settlement Class Member.  In that circumstance, GCI will provide the Social Security Number for the requested individuals only, in an encrypted format to be determined between GCI and the Claims Administrator.  The Claims Administrator shall abide by

GCI's information security requirements and procedures, including encrypting data and ensuring the confidentiality of this information.

17.    The Claims Administrator will use skip tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice and Opt-out Forms are sent to all Settlement Class Members.  It will be presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Settlement Class Member received the Notice and Opt-out Form.  With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

18.    Class Counsel shall provide the Court, at least ten (10) court days prior to the final fairness and approval hearing, a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice and Opt-out Form.

## VI.    NOTICE AND OPT-OUT PROCEDURES

19.    Within thirty (30) calendar days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will mail to all Settlement Class Members the Notice and Opt-out Form by first class U.S. Mail (as set forth above).

20.    Each Notice will inform members of the Settlement Class and those who filed Consents to Join prior to preliminary approval of the dates he/she was in a Covered Position and the Covered Position(s).

21.    If a Settlement Class Member does not Opt-out, the Class Member need do nothing, as directed in the Notice, and a settlement payment will be made based on Plaintiffs' distribution formula contained in the Declaration of Robert S. Nelson being filed concurrently with this Stipulation.

22.    In order for a Settlement Class Member to validly and effectively opt out of this Settlement, the Settlement Class Member must submit an Opt-out Form to the Claims Administrator that is postmarked by, or physically delivered to the Claims Administrator no later than, forty-five (45) calendar days after the date of mailing of the Notice and Opt-out Form.

23.    No Opt-out Form will be accepted in postmarked or physically delivered to the Claims Administrator after the deadline to submit such form as set forth in this Section.  Late submitted Opt-out Forms will not be accepted or effective.  All original Opt-out Forms shall be sent directly to the Claims Administrator at the address indicated on the Opt-out Form and the Claims Administrator will forward such Opt-out Forms to Class Counsel.

24.    The Claims Administrator will certify jointly to Class Counsel and GCI's counsel which Opt-out Forms were timely or untimely filed/submitted.

25.    No later than twenty-one (21) calendar days prior to the final fairness and approval hearing, the Claims Administrator will submit a list to counsel for GCI and Class Counsel of all timely, valid Opt-out Forms.

26.    No later than twenty-one (21) calendar days prior to the final fairness and approval hearing, the Claims Administrator will mail written notification to those Settlement Class Members whose Opt-out Forms are untimely, invalid or denied for other reasons, e.g., the individual is not a member of the Settlement Class because the individual did not hold the Covered Position during the Covered Period.

27.    The Claims Administrator shall be responsible for issuing the payments to Settlement Class Members and calculating, reporting, and paying all payroll tax withholdings required by state and federal law and will file proof of payment with the Court and will serve Class Counsel with a copy within sixty (60) calendar days after Effective Final Approval.  The Claims Administrator shall provide Plaintiffs' Counsel with certification that the Settlement Payment was distributed in accordance with this Settlement and that there was no reversion to GCI.

28.    All payments shall include a cover letter that explains that the payments are made in settlement of the *Badami, et al. v. Grassroots Campaigns, Inc.* case and represent the individual's settlement payment for claims asserted in that case.

///

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

16

## II.    OBJECTIONS TO SETTLEMENT

29.    Deadline for Objections.  Any Settlement Class Member wishing to object to the Court's approval of this Settlement shall follow the procedures set forth herein and shall file any such objections and memorandums of points and authorities in support thereof with the Court and shall serve counsel for the Settling Parties no later than forty-five (45) days from the mailing of notice.  A Settlement Class Member who has submitted an Opt-out Form may not submit any objections to the Settlement.

30.    Failure to Object.  Any Settlement Class Member who fails to file a timely written objection shall be foreclosed from objecting to this Settlement, unless otherwise ordered by the Court.

31.    Responses to Objections.  Counsel for the Settling Parties shall file any response to any objections filed by objecting Settlement Class Members at least seven (7) calendar days before the fairness and approval hearing.

## VIII.   RELEASE OF CLAIMS

32.    Released Claims by Settlement Class Members.  Upon Effective Final Approval and Payment of amounts set forth herein, and except as to such rights or claims as may be created by this Joint Stipulation, the Settlement Class Members who do not opt out, fully release and discharge GCI, its parent, subsidiary, and affiliated corporations and entities, and each of their respective officers, directors, agents, employees, partners, attorneys, insurers, and shareholders, and their respective predecessors, successors, and assigns (the "Released Parties"), from any and all known or Unknown claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, interest, penalties, action or causes of action whatever kind or nature, including claims, that were averred or could have been averred in this action relating to or arising from their employment in a Covered Position during the Covered Period or otherwise based upon the facts alleged in the Complaint, including all claims related to misclassification of exempt status, missed meal periods and/or rest breaks; failure to pay

1    minimum wage or overtime pay; failure to reimburse business expenses; failure to provide timely

2    accurate wage statements and maintain required payroll records; waiting time penalties; interest,

3    liquidated damages  and other penalties under federal and state law, including but not limited to

4    the California Labor Code, California Business and Professions Code section 17200 *et seq.*, and

5    the Fair Labor Standards Act, as amended ("Settlement Class Members Released Claims").  The

6    Settlement Class further releases and waive any rights they may have had to the Settlement Class

7    Members' Released Claims pursuant to California Code of Civil Procedure § 1542.

8        33.    Released Claims By Class Representatives.  Upon Effective Final Approval, the

9    Class Representatives hereby fully and finally releases and discharges the Released Parties

10    (defined in Paragraph 32, above) from any and all of the Released Claims (defined in Paragraph

11    32, above) and from any and all other claims, charges, complaints, liens, demands, causes of

12    action, obligations, damages and liabilities, known or Unknown claims, suspected or unsuspected,

13    that they may have had, now have, or may hereafter claim to have against the Released Parties,

14    including without any limitation any claims  arising out of, or relating in any way to, the Class

15    Representative's hiring by, employment with, separation of employment with the Released

16    Parties ("Class Representative's Released Claims"), arising or accruing from the beginning of

17    time up through Effective Final Approval ("Class Representative's Released Period").  The Class

18    Representatives' Released Claims include, but are not limited to, claims arising from or

19    dependent on the California Labor Code; the Wage Orders of the California Industrial Welfare

20    Commission; California Business and Professions Code section 17200 *et seq.*; the California Fair

21    Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*; the California common law of

22    contract and tort; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act,

23    42 U.S.C. § 12101 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Portal to

24    Portal Act, 29 U.S.C. § 251 *et seq.*  The Class Representatives specifically release and waive any

25    rights they may have had pursuant to California Code of Civil Procedure § 1542.

26    **IX.    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

27        34.    By December 21, 2007, the Settling Parties shall submit this Joint Stipulation to

28    the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

18

Court as to its fairness, adequacy, and reasonableness.  On January 28, 2008, Plaintiffs shall apply for an Order: (1) Provisionally Certifying Settlement Classes; (2) Preliminarily Approving Class Action Settlement and Plan of Distribution; (3) Directing Distribution of Notice of the Settlement; and (4) Setting a Schedule for the Final Settlement Approval Process.  The Order sought shall not be opposed by Defendant and shall be substantially in the form of the Order with which this Settlement is filed, which shall provide for, among other things, the following:

a.    Scheduling a final fairness and approval hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class and providing that such final fairness and approval hearing be scheduled for a date that is no earlier than the date required to ensure compliance with the Class Action Fairness Act;

b.    Approving as to form and content the proposed Notice, in substantially the form attached as Exhibit 2;

c.    Approving as to form and content the proposed Opt-out Form, in substantially the form attached as Exhibit 1;

d.    Directing the mailing of the Notice and Opt-out Form by first class mail to the Settlement Class Members;

e.    Preliminarily approving the Settlement;

f.    Preliminarily certifying the Settlement Class for Settlement purposes only; and

g.    Approving Robert N. Nelson of Nelson Law Group as Class Counsel, Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven, and Audrey Ward as Class Representatives, and Gilardi & Co. LLC as Claims Administrator.

## X.    DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

35.    Following final approval by the Court of the Settlement, Class Counsel will submit a proposed Order Granting Final Approval of Class Action Settlement, which shall provide, among other things, as follows:

a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.    Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c.    Approving the Class Representatives' service payments;

d.    Certifying the Settlement Class for purposes of this Settlement only; and

e.    Dismissing this Action with prejudice as set forth in this Settlement Agreement.

f.    Retaining continuing jurisdiction over the implementation, interpretation, administration, and consummation of the Settlement; and over all parties to the Settlement for the purpose of taking such other actions as may be necessary to administer, implement or enforce the Settlement.

## XI.    EFFECT OF NON-APPROVAL

36.    If this Joint Stipulation is not preliminarily or finally approved by the Court and/or if Final Judgment is not entered dismissing the Action with prejudice or if GCI exercises the option to revoke pursuant to Paragraph 52, below (i.e., Opt-outs exceed five percent), this Joint Stipulation shall be null and void.  In such event, (a) nothing in this Joint Stipulation shall be construed as a determination, admission, or concession of any issue in the Action, and nothing in this Joint Stipulation may be offered into evidence in any trial on the merits of the claims asserted in the Operative Complaints filed in the Action or in any subsequent pleading; (b) the Settling Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed; and (c) the Settling Parties shall be responsible for one-half of any costs for Notice or claims administration incurred by the Claims Administrator through that date.  If there is any reduction in Class Counsel's attorneys' fees award, such reduction may be appealed as set forth herein, but is not a basis for rendering this Joint Stipulation void, voidable, and/or unenforceable.

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

20

**XII.   PARTIES' AUTHORITY**

37.   The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Settling Parties to its terms and conditions.

**XIII.   MUTUAL COOPERATION**

38.   The Settling Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Settling Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of GCI and their counsel, take all necessary steps to secure the Court's final approval.

**XIV.   NO PRIOR ASSIGNMENTS**

39.   The Settling Parties and Class Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

**XV.   ENFORCEMENT ACTIONS**

40.   In the event that one or more of the Settling Parties institutes any legal action, arbitration, or other proceeding against any other Settling Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Settling Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**XVI.   NOTICES**

41.   Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2)

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

21

1    deemed given on the third business day after mailing; and (3) sent via United States registered or

2    certified mail, return receipt requested, addressed as follows:

3         To Class Members:

4         Robert S. Nelson (CA SBN 220984)
          NELSON LAW GROUP
5         900 Cherry Avenue, Suite 300
          San Bruno, CA  94066
6         Telephone:  (650) 794-2760
          Facsimile:   (650) 794-2761
7
          To Defendant:
8
          Walter V. Siebert (*Pro Hac Vice*)
9         SHERMAN & HOWARD L.L.C.
          633 Seventeenth Street, Suite 3000
10        Denver, CO  80202-3622
          Telephone:  (303) 297-2900
11        Facsimile:  (303) 298-0940

12
          Raymond L. Wheeler (CA SBN 52886)
13        Sharyn K. Funamura (CA SBN 193518)
          MORRISON & FOERSTER LLP
14        755 Page Mill Road
          Palo Alto, CA  94304-1018
15        Telephone:  (650) 813-5600
          Facsimile:  (650) 494-0792
16

17   **XVII.  CONSTRUCTION**

18        42.    The Settling Parties agree that the terms and conditions of this Settlement are the

19   result of lengthy, intensive arms-length negotiations between the Settling Parties and that this

20   Settlement shall not be construed in favor of or against any Party by reason of the extent to which

21   any Party or its counsel participated in the drafting of this Settlement.

22   **XVIII.  CAPTION AND INTERPRETATIONS**

23        43.    Paragraph or Section titles or captions contained herein are inserted as a matter of

24   convenience and for reference, and in no way define, limit, extend, or describe the scope of this

25   Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

26   **XIX.    MODIFICATION**

27        44.    This Joint Stipulation may not be changed, altered, or modified, except in writing

28   and signed by the Settling Parties, and approved by the Court.  This Joint Stipulation may not be

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**                                                              22
\283317.1EMPLOY

discharged except by performance in accordance with its terms or by a writing signed by the Settling Parties.

## XX.     INTEGRATION CLAUSE

45.     This Joint Stipulation contains the entire agreement between the Settling Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XXI.    BINDING ON ASSIGNS

46.     This Settlement shall be binding upon and inure to the benefit of the Settling Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXII.   CLASS COUNSEL SIGNATORIES

47.     It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each Settlement Class Member sign this Joint Stipulation.  The Notice will advise all Settlement Class Members of the binding nature of the release.  Excepting only the Settlement Class Members who timely submit an Opt-out Form, the Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

## XXIII.  COUNTERPARTS

48.     This Settlement may be executed in counterparts, and when each Settling Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Settling Parties.

## XXIV.  CONFIDENTIALITY PRECEDING PRELIMINARY APPROVAL

49.     The Settling Parties and their counsel agree that they will not issue any press releases or have any communication with the press regarding the Settlement prior to the filing of the Preliminary Approval of this Settlement by the Court.

1    **XXV.  PUBLIC COMMENT**

2        50.    The Settling Parties and their counsel agree that they only press release regarding

3    this matter that will be issued by the Settling Parties or their respective counsel will be a mutually

4    agreed-upon press release, which the Settling Parties will issue upon Preliminary Approval of this

5    Settlement.

6    **XXVI. CLASS CERTIFICATION**

7        51.    The Settling Parties agree that Class Certification is for settlement purposes only

8    and if for any reason, this Settlement is not approved, the Stipulation will be of no force or effect.

9    By agreeing to settle this matter on a class basis, GCI is in no way admitting that class

10    certification is proper for purposes other than settlement and that evidence of this Joint

11    Stipulation will not be deemed admissible in this or any other proceeding except as necessary to

12    secure approval of this settlement.

13    **XXVII.  RIGHT OF REVOCATION**

14        52.    If more than five percent (5%) of the Settlement Class Members timely submit

15    Opt-out Forms, GCI has the exclusive right to void this Settlement.  GCI shall make its election

16    ten (10) court days prior to the final fairness and approval hearing.  If the Settlement is not

17    approved or is voided, neither the Class Representative nor Class Counsel shall be liable for any

18    costs of administration.  This five percent (5%) opt out threshold shall be triggered if (a) the total

19    number of Settlement Class Members who submit Opt-out Forms equals or exceeds five percent

20    of the Settlement Class, or (b) if the dollar value of claims of Settlement Class Members who

21    submit Opt-out Forms equals or exceeds five percent of the Settlement Payments.

22    **XXVIII.  GOVERNING LAW.**

23        53.    This Joint Stipulation and the Exhibits attached hereto shall be deemed to have

24    been negotiated, executed, and delivered, and to be wholly performed, in the State of California.

25    The rights and obligations of the Settling Parties under this Joint Stipulation shall be construed

26    and enforced in accordance with, and be governed by, the substantive and procedural laws of the

27    State of California without regard to California's choice of law principles.

28

**XXIX.  CONTINUING JURISDICTION.**

54.    Except as otherwise specifically provided for herein, the Court shall retain jurisdiction to construe, interpret, and enforce this Joint Stipulation and the Settlement, to supervise all notices, the administration of the Settlement and this Joint Stipulation, and to hear and adjudicate any dispute arising from or related to the Settlement and/or the Joint Stipulation.


NELSON LAW GROUP

DATED: _____    By: _____
                                          Robert S. Nelson

Attorneys for Plaintiffs:

ROBERT S. NELSON (CA SBN 220984)
RNelson@nelsonlawgroup.net
NELSON LAW GROUP
900 Cherry Avenue, Suite 300
San Bruno, CA  94066
Telephone:  (650) 794-2760
Facsimile:  (650) 794-2761


SHERMAN & HOWARD L.L.C.

DATED: _____    By: _____
                                          Walter V. Siebert

Attorneys for Defendant:

WALTER V. SIEBERT (Pro Hac Vice)
BSiebert@sah.com
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202-3622
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940

RAYMOND L. WHEELER (CA SBN 52886)
RWheeler@mofo.com
SHARYN K. FUNAMURA (CA SBN 193518)
SFunamura@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone:  (650) 813-5600
Facsimile:  (650) 494-0792

**JOINT SETTLEMENT STIPULATION**
**Case No. C-07-3465 JSW**
\283317.1EMPLOY

25