UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELA BADAMI, LENNON BRONSEMA, BENJAMIN CAMPOPIANO, KATHRYN RAVEN, AUDREY WARD, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRASSROOTS CAMPAIGNS, INC.,<br><br>Defendant. | Case No.    C-07-3465 JSW<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING**<br><br>**Hon. Jeffrey S. White** |

**TO:    PERSONS WHO HAVE WORKED FOR GRASSROOTS CAMPAIGNS, INC. FROM DECEMBER 1, 2003 TO DECEMBER 1, 2007 AND ANY WHO FILED A CONSENT TO JOIN PRIOR TO DECEMBER 1, 2007.**

*PLEASE READ THIS NOTICE CAREFULLY*

**Based on information in Grassroots Campaigns, Inc.'s records, you may be a class member who is entitled to receive money under this proposed settlement.  In order to participate in the settlement, you should read this notice carefully.**

**Plaintiffs and Grassroots Campaigns, Inc. encourage all class members and anyone who filed a Consent to Join prior to December 1, 2007 to participate in this propose class action settlement.  Grassroots Campaigns, Inc. will not retaliate in any way against current or former Grassroots Campaign employees who accept their share of this $600,000 settlement.  Your participation will  not affect the total amount that Grassroots Campaigns will pay under the settlement, because Grassroots Campaigns will pay the faxed amount of $600,000 regardless of the number of current and former Grassroots Campaigns employees who participate.**

**IMPORTANT LEGAL NOTICE**

**PLEASE READ THIS NOTICE CAREFULLY**

- **Important Deadlines**

    ○ **Last Day To Object To The Settlement:  April 30, 2008**

    ○ **Last Day To Opt Out Of The Settlement Class: April 30, 2008**

**To participate in the settlement, you do not need to take any further action.  A check representing your settlement share, based upon Grassroots Campaign's data of your employment, will be mailed to you once the Court has issued final approval of the Settlement Agreement.  However, if your employment information listed on pg. 15 of this Notice is incorrect and you wish to challenge the information, you must do so no later than April 15, 2008.  See pg. 12 for instructions on how to challenge the information.**

**INTRODUCTION**

A proposed settlement of the class action claims for:  1) overtime compensation; 2) claims for compensation for missed meal periods, breaks, failure to provide accurate wage information, failure to timely pay employees, unpaid observation day, failure to reimburse employees for business expenses, failure to pay minimum wage and other claims were made that could have been made, for California employees, in the above class action has been reached by the Parties in this case.  Judge Jeffrey White of the United States District Court for the Northern District of California has granted preliminary approval of the proposed settlement. This notice informs you about the terms of that settlement and about your rights and options under the settlement.

The proposed settlement will resolve all the claims for overtime compensation that were made in this lawsuit.  A hearing will be held on June 30, 2008, at 10:00 a..m., before the Honorable Jeffrey White, United States District Judge of the United States District Court for

the Northern District of California, San Francisco, California, to address whether a proposed

settlement of claims against Defendant Grassroots Campaigns, Inc. ("Defendant") or "GCI") is

fair and reasonable and should be approved.  You should read this Notice very carefully because

your rights may be affected by the settlement.

If you worked for GCI at any time from December 1, 2003 to December 1, 2007,

in California or if you were employed by GCI outside of California from December 1, 2004 to

the December 1, 2007 and filed a valid Consent to Join form prior to the Preliminary Approval

Date, you will be mailed a check representing the amount of your share of the Settlement Fund,

unless you opt-out of the Settlement (for opt-out instructions see pgs. 7-8).  Upon signing and

cashing your check, you agree to opt-in to and accept the terms of the Settlement.  **Please note:**

If you do not timely or properly opt-out of the Settlement Class (see pg. 7 for who is in the

Settlement Class) and do not cash your Settlement check, you will still be bound by the terms of

the Settlement.  The Settlement check will remain valid and negotiable for at least one hundred

eighty (180) days from the date of mailing.

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many similarly

situated people are decided in a single court proceeding.  One or more representative plaintiffs,

also known as "class representatives," file a lawsuit asserting claims on behalf of the entire

class.  If appropriate to the circumstances of the case, the judge decides to "certify" the case as a

class action, which means that all class members' claims will be decided together.  Plaintiffs

believe that by resolving many people's common claims simultaneously, the class action

mechanism provides efficiency and allows individuals who may not be able to find or afford an

attorney to assert their claims in court.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Jeffrey White, a United States District Judge of the United States District Court for the Northern District of California has ordered that this Notice be sent to you because, according to GCI's records, you may be a Class Member or you filed a Consent to Join prior to December 1, 2007. The purpose of this Notice is to inform you of the proposed settlement and of your rights under it, including:

- To inform you that you may be entitled to money from this Settlement;

- To inform you of the information upon which your share of the Settlement is based and the process for disputing such information;

- To inform you about the certification of the Settlement Class by the Court and inform you that if you do not "opt out" of the Settlement Class you will be bound by the terms of the Settlement Agreement, meaning that you will release your right to sue GCI for overtime wages and wage claims during the time you were a Class Member.

- To inform you of your right to "opt out" of the Settlement Class, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement;

- To inform you of your right to file objections to the settlement.

## WHAT IS THIS CASE ABOUT?

Five former employees of GCI, Angela Badami, Lennon Bronsema, Benjamin Campopiano, Kathryn Raven and Audrey Ward, brought this lawsuit, claiming that GCI has violated federal and state laws by 1) not paying overtime to salaried employees in the State of California; 2) not paying employees in the State of California for their "Observation Day"; 3) not paying employees outside the State of California for overtime or the "Observation Day"; 4) by failing to provide meal periods and/or rest breaks as required under California laws in the State of California; and, 5) other state wage violations under California law, including failure to

provide timely and accurate wage statements and failure to reimburse for business expenses. The lawsuit alleges that GCI unlawfully classified some workers as exempt from receiving overtime pay and that GCI did not pay, or keep track of, overtime hours for those workers. Also that GCI did not pay employees for their "Observation Day". The lawsuit claims that GCI's actions violated the Fair Labor Standards Act ("FLSA" a federal wage and hour law), and the laws of California, including wage payment regulations, the Unfair Competition Law, Business and Professions Code Section 17200 ("UCL"), a law prohibiting businesses from engaging in unfair competition.

GCI denies all of Plaintiffs' claims and has raised various factual and legal defenses to those claims, and has agreed to the settlement without any admission of wrongdoing.

### WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the sum of $600,000 (which amount includes Class Counsel's attorneys' fees and expenses, costs of settlement administration, and a service payment to the class representatives, settlement payments to settlement class members and the employees' and the employer's share of applicable payroll taxes and withholdings).

### Monetary Payment

If this Settlement Agreement is given final approval by the Court, the settlement will result in a payment by GCI of $600,000, including the employer's and the employee's share of payroll taxes. All of that money will be used to pay the Settlement Class Members, to pay attorneys' fees and costs, to pay the Class Representative's service payment, and to pay the costs of administration. None of that money will return to GCI. Your decision to cash your check or not will not result in GCI paying any more, or any less, in connection with this

settlement.  If the Court also approves the payments set forth below, the following expenses will be deducted from the $600,000 prior to distribution of the settlement funds to the Class Members.

    •  Settlement Administration Fees:  If the Court approves such payment, approximately $20,000 will be used to administer the Settlement.  This is an estimate of the Settlement Administration Fees; the amount could be lower or higher subject to Court approval. These fees will pay for mailing, processing and hearing challenges to the employment information provided by GCI in this Notice, and providing information to the Class Members.

    •  Payment to the Class Representative:  If the Court approves such payment, each Representative Plaintiff will receive $2,000.  This payment is made because the Class Representative provided many hours of service to the class by helping Class Counsel formulate claims, by providing documents, assisting with notifying other potential Class Members, and participating in the mediation of the settlement.

    •  Attorneys' Fees:  Class Counsel will apply to the Court for attorneys' fees in the amount of 25% of the total class recovery, for a total of $150,000.  This amount will be requested given the hours Class Counsel spent in pursuing this case on behalf of the Class Members without pay, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.  Class Counsel will also seek reimbursement for expenses.

    •  The Settlement Class Members shall receive all settlement compensation in the form of a check.  The Class Members release any claim that the alleged failure to pay overtime.

    After these costs are deducted, a "Net Settlement Fund" of approximately $600,000 dollars will remain.

**Non Monetary Requirements**

•      GCI will hire a person (not a current or former employee to serve as a human resource person.

•      GCI will permit its employees in California and New York to take at least on day of rest per workweek (7 workdays)

•      GCI will abolish the practice of an unpaid "observation day" and will follow the pay practice in effect on December 1, 2007.

•      GCI will permit its employees in California and New York to take at least on day of rest per workweek (7 workdays)

•      GCI will ensure that employees are notified of its existing policy for the reimbursement of expenses which shall set forth the categories of expenses that will be reimbursed and the proper method for applying for expense reimbursement.

**Dismissal Of Case And Released Claims**

In exchange for the monetary payment and the non monetary requirements set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge the Defendant from any claims that were asserted or could have been asserted in the action, including claims for unpaid wages, unpaid overtime, unlawful deduction of wages, record-keeping violations, failure to provide meal periods and/or rest breaks, failure to reimburse business expenses, and other wage claims including penalties that were asserted in the case under the FLSA, state wage and hours laws, and the UCL, up to and including December 1, 2007 for the time periods which Class Members and those who filed Consents to Join prior to December 1, 2007, worked for GCI.

The exact terms of the Release in the Settlement Agreement reads: *Upon*

*Effective Final Approval and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, the Settlement Class Members who do not opt out, fully release and discharge GCI, its parent, subsidiary, and affiliated corporations and entities, and each of their respective officers, directors, agents, employees, partners, attorneys, insurers, and shareholders, and their respective predecessors, successors, and assigns (the "Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, interest, penalties, action or causes of action whatever kind or nature, that were averred or could have been averred relating to or arising from weeks worked in a Covered Position during the Covered Period based upon the facts alleged in the Complaint, including all claims related to misclassification of exempt status, missed meal periods; failure to provide timely accurate wage statements and maintain required payroll records; waiting time penalties, interest and other penalties under federal and state law, including but not limited to the California Labor Code, California Business and Professions Code section 17200 et seq. and the Fair Labor Standards Act, as amended ("Released Claims").*

When the claims in this action are dismissed with prejudice, that means that the Court will not consider the claims any further; and the case is over. When claims are released, that means that no one covered by the release can sue GCI over those claims for the time period covered by the release.

**ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?**

You may be a Class Member if you meet all of the following criteria:

1.      GCI's records identify you as an employee who;

2.      Worked at GCI at any time:

a.      From December 1, 2003 to December 1, 2007, in California, or

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING          **Case No. C-07-3465 JSW**     8
EMPLOY\274962.1

b.       Outside of California and Filed a valid Consent to Join prior to the

Preliminary Approval Date.

## WHAT ARE YOUR OPTIONS?

You have several options.  In order to protect your rights, it is very important that you read this

section carefully.  If you do nothing, you will release your right to sue GCI for the claims

asserted in this matter and you will be mailed a check with your share of the Net Settlement

Fund if the Court issues final approval of the Settlement Agreement.  If you wish to Opt-out,

object to the Settlement, or challenge your employment data, you must do so by the deadlines in

this Notice.

## Choosing Not To Participate In The Settlement

If you do not wish to participate in the Settlement, you must complete an Opt-out

Form.  However, if you Opt-out of the Settlement, you will be prohibited from objecting to the

Settlement.  To be valid, the Opt-out Form must be completed and singed by you under penalty

of perjury, accompanied by a photocopy of your driver's license or other form of government

issued picture identification (*e.g.*, passport), and retuned to:

Badami, *et al*. v. Grassroots Campaigns, Inc.
Claims Administration Center
c/o Gilardi & Co. LLC
3301 Kerner Boulevard
San Rafael, CA  94901

The Opt-out Form must be postmarked no later than **April 30, 2008**.  If the Opt-

out Form is sent from within the United States, it must be sent through the United States Postal

Service.  A Class Member who fails to mail an Opt-out Form in the manner and by the deadline

specified above will be bound by all terms and conditions of the Settlement, if the Settlement is

approved by the Court**,** and the Judgment, regardless of whether he or she has objected to the

Settlement or received any share of the Settlement proceeds.

Any person who files a complete and timely Opt-out Form, will upon receipt, no longer be a member of the Class, will be barred from participating in any portion of the Settlement, and will receive no money from the Settlement.

## Objecting To The Settlement

If you do not opt-out of the Settlement, you may object to the terms of the Settlement before final approval, either by filing a written objection or filing a notice of your intent to appear and object at the final approval hearing.  However, if the Court rejects your objection, you still will be bound by the terms of the Settlement unless you also submit an Opt-out Form.  To object, you must send a written notice of objection or a written notice of your intent to appear and object at the final approval hearing to the Court and to all counsel.  The Court's address and Counsel's addresses are shown below. **DO NOT TELEPHONE THE COURT.**

Any written objections an/or notice of your intent to appear at the final approval hearing must state each specific reason for your objection and any legal support for each objection.  Your written objection and/or notice of your intent to appear at the final approval hearing must also state your full name, address, date of birth, and the dates of your employment at GCI.  To be valid and effective, the Court, Class Counsel, and Counsel for GCI must receive any written objections and/or notices of intent to appear at the hearing not later than April 30, 2008.  A Class Member who fails to timely file and serve a written objection in the manner described above by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and will not be allowed to appear before the Court at the final approval hearing.

## Commenting In Favor Of The Settlement

If you wish, you may comment in favor of the Settlement in writing in advance of the final

approval hearing, which will be held on June 30, 2008.  To do so, not later than April 30, 2008,

you must submit a written notice of your comments in favor of the Settlement, which will be

relayed to the Court at or before the final approval hearing.  Your notice and comments should

include your full name, address, date of birth, and dates of your employment at GCI.  Send your

notice and comments to THE COURT AS FOLLOWS:

Office of the Clerk
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

A COPY OF YOUR NOTICE MUST ALSO BE SENT TO CLASS COUNSEL AS FOLLOWS:

Robert S. Nelson, Esq.
NELSON LAW GROUP
900 Cherry Avenue, Suite 300
San Bruno, CA  94066

A COPY OF YOUR NOTICE MUST ALSO BE SENT TO COUNSEL FOR GCI AS

FOLLOWS:

Walter V. Siebert, Esq.
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202-3622

Raymond L. Wheeler, Esq.
Sharyn K. Funamura, Esq.
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304-1018

**DO NOT TELEPHONE THE COURT.**

**<u>HOW WILL MY SHARE BE CALCULATED?</u>**

Each Class Member will receive a share of the Settlement Funds that remain after the

deductions of settlement costs, the class representative payment, and attorneys' fees and costs

listed above.  Each share will depend on factors that attempt to balance the interests of each

Class Member's claim.  **As explained below, these factors may have an effect on the**

1  percentage of the Settlement Funds you receive.  If you do not want to participate in the

2  Settlement because of the factors that will be applied to your claim, you may choose to opt

3  out of the Settlement Class.

4      These factors are set forth in Exhibit A attached hereto.

5  ## How to Challenge the Employment Data Used to Calculate Your Share.

7      If you believe that the employment dates or job position listed in the attached are

8  incorrect, you may challenge the data by submitting a written statement to the Claims

9  Administrator by April 15, 2008.  The Claims Administrator's Address is:

10
      Badami v. Grassroots Campaigns, Inc. Settlement
11      Claims Administration Center
      c/o Gilardi & Co. LLC
12      3301 Kerner Boulevard
      San Rafael, CA  94901
13

14      You may not challenge the calculation of your share, but you may challenge the

15  data provided by GCI that was used.

16      Any challenge must state what you believe are your correct dates of employment,

17  job position and level, salary, or location.  You must also include documentary evidence you

18  have that supports your claim (such as pay stubs reflecting relevant dates of employment and/or

19  salary).  Your challenge will not be considered unless you enclose documentary evidence.  You

20  may contact the Settlement Administrator regarding the necessary documentary evidence at the

22  above number.

23      By submitting a written challenge, you will authorize the Claims Administrator

24  to review GCI's records and make a determination based on GCI's records and any records you

25  submit.  This determination may increase or decrease the amount of your settlement share.  All

26  such determinations are final and binding with no opportunity for further appeal to the Court.

27

28

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING          Case No. C-07-3465 JSW    12
EMPLOY\274962.1

**If you wish to challenge the employment data below, you must submit your challenge by April 15, 2008.**

**Changes of Address.**

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

**ATTORNEYS' FEES AND COSTS**

As their fee for services rendered on behalf of the Class Members, Class Counsel will ask the Court to award as attorneys' fees a total of 25 percent from the Settlement Fund, which amounts to $150,000.  In addition to attorneys' fees, Class Counsel will seek reimbursement of litigation costs and expenses that he may have incurred since the beginning of this litigation.  The amount of any award of attorneys' fees and costs will be considered and must be approved by the Court.  In prosecuting this case on behalf of Class Members, Class Counsel spent many hours investigating the case, reviewing GCI documents, reviewing damages information, interviewing class members about their job duties, and filing numerous documents with an impartial mediator.  Under the common fund doctrine, Class Counsel will therefore apply for 25% of the money recovered on behalf of the Class.  Class Members will not be required to pay Class Counsel for any attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fee and costs requests are approved by the Court.

**HEARING REGARDING THE SETTLEMENT**

On June 30, 2008, at 10:00 a.m., or as soon thereafter as practicable, the Honorable Jeffrey White, United States District Judge, will hold a hearing at the United States District Court for the Northern District of California, San Francisco, California, for the purpose of determining whether the proposed Settlement and Plan of Allocation are fair, reasonable, and

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING                    Case No. C-07-3465 JSW        13
EMPLOY\274962.1

adequate and should be approved.  The Court will also consider Class Counsel's application for fees and costs.  The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

Any Class Member (or the attorney for any Class Member) may appear at the hearing to comment on or object to the Settlement, or to enter an appearance for any other reason in accordance and if she or he has complied with the procedures described above.

### EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you may refer to the underlying documents and papers on file with the Court.  This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, United States District Court for the Northern District of California, San Francisco, California.

If you have questions about this Notice, or want additional information, you can contact the Settlement Administrator at (415) 461-0410.  **Again, the important deadlines are:**

**Last Day To Object To The Settlement:  April 30, 2008**

**Last Day To Opt Out Of The Settlement Class: April 30, 2008**

Dated: _____, 2008                    _____

                                             Honorable Jeffrey __. White
                                             United States District Judge