# EXHIBIT 1

\* Re: Notice of Proposed Class Action Settlement and Settlement Hearing
Case No. C 07-3465 JSW

Richard Aaron Mead
1101 Pine Street, Apt. 201
San Francisco, CA 94109
(415) 775-7300

April 1, 2008

Office of the Clerk
United States District Court,
    Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Sir/s:

I respond to a Notice just received of above Proposal.
I well recall my work for Grassroots Campaigns, Inc. ("GCI") in 2004 in San Francisco (including first week in November (2004) in Wisconsin (Madison and La Crosse)

I believe I understand the issues described and will look forward to a positive resolution on or shortly after, June 30, 2008. Needless to say, I am very much in favor of the Settlement. My records remind me of my participation as perhaps the oldest and certainly most consistent producers in this hard work to raise money in the Greater Bay Area for the Democratic Team in the Presidential Campaign.

My notes reveal that I started on March 26, 2004 and worked 3 or 4 days a week through April, May, June, til July 10. I then traveled abroad and continued working from August 17, 2004 through September and until October 28, 2004. (I have all the dates). First week of November 2004, MoveOn.Org sponsored my trip to Wisconsin. My birthdate is March 5, 1936.

I look forward to your further communication after June 30, 2008.

Respectfully,
Richard Aaron Mead

CC: Robert S. Nelson, NELSON LAW GROUP, San Bruno, CA.
Walter V. Siebert, SHERMAN & HOWARD LLC, Denver, CO.
(Raymond L. Wheeler
and Shawn FUNAMURA    MORRISON & FOERSTER LLP
                      Palo Alto, CA.)

# EXHIBIT 2

Notice of Proposed Class Action Settlement and Settlement Hearing
Case No. C-07-3465 JSW
Office of the Clerk
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

April 28, 2008

I wish to comment in favor of the Setlement with Grassroots Inc.

Name: Teri Solomon
Address: 11362 Albata Street, Los Angeles, CA 90049
DOB: 11/14/1930
Employment: July, 2006 through March 13,2007

The following are my reason for agreeing with the settlement:

I was not paid for Observation Day although I brought in $100 that !st day.

You were paid a check twice a month with no breakdown as to how they arrived at that amount. Sometimes you were field captain or instructor to a new person and were entitled to extra compensation. Many times new people would leave in the middle of the Observation Day because they did not like the type of work. I never knew if I was paid extra for being the instructor or field captain.. Other times you were entitled to 20% or 10% over the $150 brought in that day. There was no accounting given with your check.

Many days we worked overtime from 9-6 with only a 20 minute lunch hour and no breaks. If you were field captain, it was after 6pm by the time you finished with your calculations. If the location was Pasadena or Los Feliz, you didn't get back to the office until around 6 pm. We were not paid any overtime.

One had to bring in a minimum of $150 to earn $75 @day. This was in effect until January, 2007, when they lowered the minimum to $125. During the 2006 election, it was easy to bring in $150. After November, earning the quota became a problem. Also your earning $75 depended on where they sent you to canvass. Many areas were overworked. Other areas did not have the demographic make-up to give you that potential. Consequently you were given $50 for an 8hour day($6.25 @ hour). You were earning below California Minimum Wages. Emily always blamed quota problems on your attitude.

They never did an earning analysis of areas. An Example was Westwood (overworked area). The director Emily's answer was "when I go there at night, I raise $500." She did not take into consideration the fact that the make-up of people at night is different than in the daytime. People were sent to Westwood at least 3-4 times a week. Many times assigned locations competed with other fund-raising groups. Arrangements had not been

properly obtained for the spot. Time was wasted traveling to a 2nd location. (earning time). This was one of the main reasons for the constant turn-over of people. One could not make a living wage.

When people left the organization, they had to wait up to 2 weeks for their final check. California Law requires you to pay immediately upon a person's leaving employment.

Started in January, we enrolled people in direct membership in Grassroots, promising political activism on the part of the organization. All they really did as a group was send E-Mails by putting letters on their computer website for members to copy and send. They also kept members aware of where to send E-Mails. By March, 2007, I was disillusioned with the organization and what they were not doing for their membership. I decided to stop working for them. Salary also was a main issue for me

Emily, the Los Angeles Director, mentioned that Dan Stafford bought his home for all cash, with money obtained from canvassing enrollments. Grassroots Inc. became just an ordinary business. So much for idealism. The EDD of California should fine this organization for labor abuse.

There was no attached list of dates of employment with the document you sent. I could not check the accuracy of the dates that I worked for Grassroots Inc

I am totally in agreement with the lawsuit against this organization. The corporate office is located in Boston and many out-of-state companies are not familiar with California Labor Law; However the Los Angeles Director, should have been completely knowledgeable in the labor codes in which she worked. It was her responsibility to inform the company of all the legal and labor procedures.

Cordially,

*Teri Solomon*

Teri Solomon

Cc: Nelson Law Group—
    Walter Siebert
    Raymond Wheeler & Sharyn Funamura