1  ROBERT S. NELSON (CA SBN 220984)
   RNelson@nelsonlawgroup.net
2  NELSON LAW GROUP
   900 Cherry Avenue, Suite 300
3  San Bruno, CA 94066
   Telephone: (650) 794-2760
4  Facsimile: (650) 794-2761

5  *Attorneys for Plaintiffs*

6  WALTER V. SIEBERT *(Pro Hac Vice)*        RAYMOND L. WHEELER (CA SBN 52886)
   BSiebert@sah.com                           RWheeler@mofo.com
7  SHERMAN & HOWARD L.L.C.                    SHARYN K. FUNAMURA (CA SBN 193518)
   633 Seventeenth Street, Suite 3000         SFunamura@mofo.com
8  Denver, CO 80202-3622                      MORRISON & FOERSTER LLP
   Telephone: (303) 297-2900                  755 Page Mill Road
9  Facsimile: (303) 298-0940                  Palo Alto, CA 94304-1018
                                              Telephone: (650) 813-5600
10                                            Facsimile: (650) 494-0792

11 *Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELA BADAMI, LENNON BRONSEMA, BENJAMIN CAMPOPIANO, KATHRYN RAVEN, AUDREY WARD, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRASSROOTS CAMPAIGNS, INC.,<br><br>Defendant. | Case No.  C-07-3465 JSW<br><br>**JOINT RESPONSE TO NOTICE OF TENTATIVE RULING AND QUESTIONS ABOUT MOTIONS FOR FINAL APPROVAL AND ATTORNEYS' FEES**<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Judge Hon. Jeffrey S. White<br>Ctrm: 2 |

**RESP. TO TENT. RULING RE: FINAL APPROVAL & FEES**
**Case No. C-07-3465 JSW**

On July 8, 2008, this Court issued a Notice of Tentative Ruling and Questions ("Notice") that tentatively GRANTED the parties' joint motion for (1) final approval of the parties' class action settlement; (2) final certification of the proposed settlement class; (3) final approval of the proposed settlement agreement; and (4) affirming prior rulings and findings from the preliminary approval order. The Notice also tentatively GRANTED the Plaintiffs' application for attorneys' fees and reimbursement of costs and expenses.

The Notice furthermore posed three questions that the parties will be expected to address at the hearing on July 11, 2008. For the Court's convenience, the parties hereby submit this Joint Written Response ("Response") to the questions in advance of the hearing:

**1.     Have the parties received any objections from any class members? Does the stipulation to dismiss opt-in plaintiff Greg Bloom change the scope of the settlement?**

The only person Plaintiffs' counsel knows of who has expressed dissatisfaction with the settlement is Mr. Bloom. However, Mr. Bloom never formally objected to the settlement; he also was an opt-in plaintiff, rather than a class member. Per his request, Mr. Bloom was formally dismissed from the case via stipulation by the parties. The only way that Mr. Bloom's dismissal will affect the scope of the settlement is that the settlement will no longer apply to Mr. Bloom himself.

The settlement encompasses three groups: (1) those who worked in salaried jobs in California during specified time periods ("California Salaried Group"); (2) those who worked unpaid training days in California ("California Non-Payment Group"); and (3) those who worked salaried jobs outside of California, and who opted into the case ("Opt-In Group"). The settlement automatically applies to all members of the California Salaried Group and the California Non-Payment Group who did not opt out; however, it only applies to members of the Opt-In Group who affirmatively opted into the case. Mr. Bloom is not a member of either the California Salaried Group or the California Non-Payment Group, hence he would only have been affected by the settlement if he opted into, and remained in, the case. But since he asked to be dismissed

**RESP. TO TENT. RULING RE: FINAL APPROVAL & FEES**
**Case No. C-07-3465 JSW**                                                                                                                  1

from the case, the settlement will not in any way affect him: he will not be bound by the settlement's terms (including the release of claims), and whatever monies would otherwise have been paid to him as settlement proceeds will be redistributed to the remaining members of the Opt-In Group. Those are the only ways that Mr. Bloom's dismissal will affect the settlement.

**2. Does the stipulation adding the additional plaintiff to the case change the scope of the settlement?**

As with the dismissal of Mr. Bloom, the only way that the addition of the new opt-in plaintiff will affect the scope of the settlement is that the settlement will now apply to the new opt-in plaintiff (Dheeraj Chand) himself. Mr. Chand is not part of the California Salaried or California Non-Payment Groups, hence the only way that he would have been encompassed by the settlement is if he affirmatively opted into the case. Since Mr. Chand has now opted in (with Defendant's consent), he will be included in the settlement. This means that Mr. Chand will be bound by all the settlement's terms (including the release of claims), and that he will share in the settlement proceeds allocated to the Opt-In Group. The addition of Mr. Chand will have a negligible affect on individual settlement shares of the Opt-In Group, especially since Mr. Bloom was voluntarily dismissed from the case. The shares of the Opt-In Group were calculated by tallying the total weeks worked by all members of the group; that figure was then used to determine the Opt-In Group's overall share of the settlement sum (approximately 9 percent); the Group's total weeks worked will then be divided into their proportional overall share to calculate a per-week amount (estimated to be approximately $92.00); and then that amount will be multiplied by the weeks that each individual member worked to calculate individual shares of each member of the Opt-In Group. Again, the addition of Mr. Chand should not noticeably affect any of these calculations.

**3. Do the parties have anything further they wish to address?**

No.

**RESP. TO TENT. RULING RE: FINAL APPROVAL & FEES**
**Case No. C-07-3465 JSW**

2

Counsel for the parties will of course be prepared to expound on any of these questions, and/or answer additional questions at the July 11, 2008, hearing if the Court still deems the hearing necessary.

Respectfully submitted,

NELSON LAW GROUP

DATED: July 8, 2008    By: ___/S/ Robert S. Nelson_____
                            Robert S. Nelson

Attorneys for Plaintiffs:

ROBERT S. NELSON (CA SBN 220984)
RNelson@nelsonlawgroup.net
NELSON LAW GROUP
900 Cherry Avenue, Suite 300
San Bruno, CA  94066
Telephone:  (650) 794-2760
Facsimile:  (650) 794-2761

SHERMAN & HOWARD L.L.C.

DATED: July 8, 2008    By: ___/S/ W.V. Siebert_____
                            Walter V. Siebert

Attorneys for Defendant:

WALTER V. SIEBERT *(Pro Hac Vice)*
BSiebert@sah.com
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202-3622
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940

RAYMOND L. WHEELER (CA SBN 52886)

**RESP. TO TENT. RULING RE: FINAL APPROVAL & FEES**
**Case No. C-07-3465 JSW**

3

1  RWheeler@mofo.com
   SHARYN K. FUNAMURA (CA SBN 193518)
2  SFunamura@mofo.com
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, CA  94304-1018
4  Telephone:  (650) 813-5600
   Facsimile:  (650) 494-0792

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESP. TO TENT. RULING RE: FINAL APPROVAL & FEES**
**Case No. C-07-3465 JSW**

4